**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

MICHAEL DIESA and REBECCA TOBACK,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

WORLD WRESTLING ENTERTAINMENT,
LLC,

        Defendant.

Civil Action No. 3:26-cv-00039

## MOTION TO INTERVENE BY ESPN, LLC

ESPN, LLC ("ESPN") hereby moves to intervene as a defendant in this action as of right

pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, permissively under

Federal Rule of Civil Procedure 24(b).

As explained further in ESPN's memorandum of law in support of this motion, the

requirements of Rule 24(a) are met. ESPN "claims an interest relating to the property or

transaction that is the subject of the action," namely Plaintiffs Michael Diesa's and Rebecca

Toback's subscriptions to the ESPN direct-to-consumer service that forms the basis of their

claims and the claims of the putative classes. Fed. R. Civ. P. 24(a)(2). ESPN "is so situated that

disposing of the action may as a practical matter impair or impede [ESPN's] ability to protect its

interest[s]," *id.*, namely ESPN's interest in enforcing Diesa's and Toback's agreement, under the

terms of the ESPN Subscriber Agreement, that disputes about these services be resolved through

binding individual arbitration (*see, e.g.*, First Amended Complaint ¶ 15 & n.13) and ESPN's

interest in defending allegations and claims that ESPN, separate and apart from WWE, violated

the law (*see, e.g.*, *id.* ¶¶ 78-92). And "existing parties," namely WWE, may not "adequately

represent that interest" because ESPN is the counterparty to the Subscriber Agreement and ESPN is alleged to have committed unlawful conduct.  Fed. R. Civ. P. 24(a)(2).  Therefore, on this "timely motion, the court must permit" ESPN to intervene as of right.  *Id.* 24(a).

Alternatively, the Court "may permit" ESPN to intervene, and should, on this "timely motion," because ESPN "has a claim or defense that shares with the main action a common question of law or fact"—namely whether Diesa and Toback are bound to arbitrate these claims under the Subscriber Agreement and whether ESPN—on its own and in conspiracy with WWE—violated Connecticut law.  Fed. R. Civ. P. 24(b).

Rule 24(c), as it is applied by courts in this Circuit, is also satisfied because ESPN has served this motion to intervene on the parties as provided by Rule 5, the motion (and accompanying memorandum) state the grounds for intervention, and ESPN has discharged its obligation that the motion "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  Because ESPN's "motion to intervene is sufficient to put the parties on notice" of what ESPN "will assert in this case"—namely, that the Court should compel arbitration of Plaintiffs' claims[1]—ESPN asks the Court to waive any technical obligation under Rule 24(c) to file, contemporaneously with the motion to intervene, "'a pleading that sets out the claim or defense for which intervention is sought.'"  *Blesch v. Holder*, 2012 WL 1965401, at *2 (E.D.N.Y. May 31, 2012) (granting waiver); *Windsor v. United States*, 797 F. Supp. 2d 320, 326 (S.D.N.Y. 2011) (same).  "[C]ourts in this Circuit have repeatedly made clear that 'Rule 24(c) permits a degree of flexibility with technical requirements,' so long as 'the position of the movant is apparent from other filings and … the

---

[1] ESPN's motion also makes clear that, if the Court denies ESPN's motion to compel arbitration, ESPN would defend the action in Court on the merits.

opposing party will not be prejudiced.'" *Connecticut Fine Wine & Spirits*, *LLC v. Harris*, 2016 WL 9967919, at 4 (D. Conn. Nov. 8, 2016) (collecting cases). That is the case here: Not only have all parties demonstrated that they are well aware of ESPN's position, *see* Dkt. 29 at 4 (Rule 26(f) report describing ESPN's motion to intervene and motion to compel arbitration), but Plaintiffs have already previewed their objection to the merits of the motion to compel arbitration, *see id*. This fully satisfies Rule 24(c), as courts in the Second Circuit apply it.

WWE consents to ESPN's motion to intervene. Plaintiffs do not consent. The parties are discussing and expect to agree to a briefing schedule within the next week, once Plaintiffs have reviewed this motion, and will seek the Court's approval of the agreed upon schedule.

Therefore, and for the reasons set forth in the accompanying memorandum, ESPN respectfully requests that the Court grant intervention.

 Dated:  March 27, 2026

Respectfully submitted,

*/s/ Deirdre M. Daly*
FINN DIXON & HERLING LLP
Deirdre M. Daly (ct23128)
David Allen (ct30827)
6 Landmark Square
Stamford, CT 06901
Tel: (203) 325-5050
Fax: (203) 325-5001
ddaly@fdh.com
dallen@fdh.com

WILMER CUTLER PICKERING
  HALE AND DORR LLP
Alan E. Schoenfeld
(*pro hac vice* forthcoming)
Ryan Chabot
(*pro hac vice* forthcoming)
Marissa M. Wenzel
(*pro hac vice* forthcoming)
Nelson S. Castaño
(*pro hac vice* forthcoming)
7 World Trade Center

3

250 Greenwich Street
New York, NY  10007
Tel: (212) 937-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com

*Attorneys for ESPN, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing

document was served via the Court's ECF system to all counsel of record.


/s/ Deirdre M. Daly
Deirdre M. Daly

*Attorney for ESPN, LLC*