# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

WORLD WRESTLING ENTERTAINMENT, LLC,

      Defendant.

Civil Action No. 3:26-cv-00039

## MOTION TO INTERVENE AND INCORPORATED MEMORANDUM OF LAW BY BAMTECH, LLC

BAMTech, LLC ("BAMTech") hereby moves to intervene as a defendant in this action as of right pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, permissively under Federal Rule of Civil Procedure 24(b), joining the Rule 24 motion by ESPN, LLC, which is BAMTech's sole member and 100% owner and direct parent company.

On March 27, 2026, ESPN, LLC moved to intervene in this action to protect its interests in defending itself against alleged wrongdoing and in enforcing Plaintiffs' agreement to arbitrate disputes concerning the ESPN direct-to-consumer service ("ESPN DTC Service") under the Disney+, ESPN, and Hulu Subscriber Agreement that Diesa and Toback acknowledge "arguably applies to an ESPN DTC Service subscription," FAC ¶ 15 n.13. *See* Dkt. 34 ("ESPN MTI"). Despite alleging *ESPN*'s misconduct, for the *ESPN* DTC Service, governed by the Disney+, *ESPN*, and Hulu Subscriber Agreement, Plaintiffs' counsel has raised questions about the relationship among various ESPN entities and their relationship with the ESPN DTC Service and the Subscriber Agreement, suggesting that they might seek discovery prolonging resolution of

the motions to intervene.  Those questions are misguided.  ESPN, LLC is the proper intervenor-defendant to defend allegations against ESPN and enforce its Subscriber Agreement.

In an abundance of caution, however, BAMTech now moves to intervene in this action too, joining its direct parent company ESPN, LLC's motion.  BAMTech is the entity designated as ESPN in the Subscriber Agreement.  *See* Disney+, ESPN, and Hulu Subscriber Agreement (updated Feb. 5, 2026), *available at* https://www.disneyplus.com/legal/subscriber-agreement (designating "BAMTech, LLC, located at 50 Vandam Street, 9W, New York, NY 10013 ('ESPN'),'" along with Disney+ and Hulu entities, as "'we,' 'us' and 'our'" in the Subscriber Agreement).[1]  As noted in BAMTech's contemporaneously filed corporate disclosure statement (Dkt. 48), BAMTech is a single member LLC whose sole member is ESPN, LLC, its 100% direct owner and parent company.  BAMTech's grounds for moving to intervene overlap with its parent company ESPN, LLC's grounds (*see* Dkt. 34-1 ("ESPN MTI Mem.") at 4-9), and BAMTech expressly incorporates ESPN, LLC's arguments by reference.

Specifically, BAMTech too satisfies each Rule 24(a) requirement.  This motion is timely, since the action is only months old with no substantive developments.  *See* ESPN MTI Mem. at 4-5 (citing, *inter alia*, *Allco Fin. Ltd. v. Etsy*, 300 F.R.D. 83, 86-87 (D. Conn. 2014); *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 2014 WL 6388787, at *5 (D. Conn. Nov. 14, 2014); *Granite State Ins. Co. v. KM Tactical, LLC*, 2025 WL 1502019, at *5 (S.D.N.Y. May 27, 2025)).  BAMTech has an interest that this action may impair, namely its right to arbitrate Plaintiffs' claims on an individual basis under the Subscriber Agreement—which is a right that courts regularly grant intervention to assert.  *See* ESPN MTI Mem. at 5-6 (citing, *inter alia*, *Bone v.*

---

[1] BAMTech has changed its business address to 1211 6th Avenue, New York, NY, 10036.

*XTO Energy, Inc.*, 2023 WL 5431139, at *2, 4 (D. Del. Aug. 23, 2023); *Brown v. Firstsource Advantage, LLC*, 2018 WL 4538412, at *3 (E.D. Pa. Sept. 21, 2018); *Clean Earth, Inc. v. Endurance American Ins.*, 2016 WL 5422063, at *7 (D.N.J. Sept. 28, 2016)).  And party WWE Entertainment, LLC is not assured to adequately represent BAMTech's interest, since its arguments for compelling arbitration are different than BAMTech's.  *See* ESPN MTI Mem. at 7-8 (citing, *inter alia*, *Brown*, 2018 WL 4538412, at *3).

Alternatively, the Court should permit BAMTech to intervene under Rule 24(b).  Like its parent ESPN, LLC, BAMTech has an arbitration defense that presents a common question with the main action.  *See* ESPN MTI Mem. at 8-9.  Further, Plaintiffs' counsel's questions suggest that Plaintiffs might oppose arbitration on the basis of the ESPN entity asserting it.  But if arbitration were denied on that basis, then at that point whatever other ESPN entity—including BAMTech—could and would seek to intervene to assert *its* arbitration right.  That inefficient use of the parties' and Court's resources should be avoided.  Permitting BAMTech and ESPN, LLC to intervene now will most speedily move this action toward substantively determining its proper forum and therefore, ultimately, its merits.  So, at minimum, the Court should exercise its discretion to permit BAMTech to intervene, along with ESPN, LLC, in order to resolve these arbitration issues on the substance and not by delaying formalities.

Finally, Rule 24(c) as applied in this Circuit is met because this motion puts all parties on notice of what BAMTech will assert:  the right to compel arbitration under the Subscriber Agreement on the same bases as ESPN, LLC.  *See* ESPN MTI at 2-4 (collecting cases).

For these reasons, BAMTech respectfully requests that the Court grant intervention.

WWE consents to BAMTech's motion to intervene.  Plaintiffs do not consent.

3

Dated:  April 3, 2026

Respectfully submitted,

*/s/ Alan E. Schoenfeld*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Alan E. Schoenfeld (phv207237)
Ryan Chabot (phv208504)
Marissa M. Wenzel (phv209325)
Nelson S. Castaño (phv209324)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com

FINN DIXON & HERLING LLP
Deirdre M. Daly (ct23128)
David Allen (ct30827)
6 Landmark Square
Stamford, CT 06901
Tel: (203) 325-5050
Fax: (203) 325-5001
ddaly@fdh.com
dallen@fdh.com

*Attorneys for BAMTech, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Alan E. Schoenfeld*
Alan E. Schoenfeld

*Attorney for BAMTech, LLC*

5