**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC,<br><br>       Defendant. | Civil Action No. 3:26-cv-00039 |

**MOTION FOR SCHEDULING ORDER BY WORLD WRESTLING ENTERTAINMENT, LLC, ESPN, LLC, AND BAMTECH, LLC**

This motion seeks an order to schedule deadlines for: (1) the briefing of motions to intervene by ESPN, LLC and BAMTech, LLC (together, "ESPN"); (2) the briefing of the forthcoming motion to compel arbitration by World Wrestling Entertainment, LLC ("WWE") and ESPN; and (3) any further responses to the amended complaint.  WWE and ESPN submit that briefing on the motion to compel arbitration should follow final resolution of the motions to intervene and that any further responses to the amended complaint should follow final resolution of the motion to compel arbitration.

## I.    Background

On Plaintiffs' consent, WWE moved for April 13, 2026, to be set as the deadline for its responsive pleading, which the Court granted.  Dkts. 21, 23.  The parties' Rule 26(f) report previewed that ESPN, LLC "intend[ed] to file a motion to intervene in this action and, if intervention is granted, a motion to compel arbitration of all Plaintiffs' claims, including all claims against WWE."  Dkt. 29 at 3; *see id.* (previewing that WWE consented to ESPN, LLC's

intervention motion and planned to join ESPN, LLC's forthcoming motion to compel arbitration). On March 27, ESPN, LLC filed its motion to intervene. Dkt. 34. On April 3, BAMTech, LLC filed a motion to intervene as well, joining ESPN, LLC's intervention motion "[i]n an abundance of caution" after "Plaintiffs' counsel … raised questions about the relationship among various ESPN entities." Dkt. 49 at 1-2. If the motions to intervene are granted, ESPN intends to file a motion to compel arbitration, joined by WWE, in response to the amended complaint. *See* Dkt. 29 at 3-4.

## II.     Scheduling Proposals

ESPN and WWE respectfully submit that it would best secure the just, speedy, and most efficient determination of this action (*see* Fed. R. Civ. P. 1) for the filed and anticipated motions to be decided in the following sequence: *first*, final resolution of ESPN's already filed motions to intervene in this action, which will determine the parties to this action; *second*, final resolution of ESPN's and WWE's forthcoming motion to compel arbitration, which will determine whether this Court is the proper forum to resolve Plaintiffs' claims; and *third*, any further response to the amended complaint by WWE and (if granted intervention) ESPN, which will be necessary—and appropriate—only if there is a final determination that this action will proceed in this Court rather than in arbitration.

There is good cause for this request. It will conserve the parties' and Court's resources if there is a final determination of the parties to this action before those parties brief the question of whether this action can proceed in this forum—including because, as ESPN explained in seeking intervention, ESPN's grounds for moving to compel arbitration are different in some ways than WWE's. Clarity and fairness will be served by deciding the intervention question first. With that question finally resolved, it will be most fair and efficient to turn next to the motion to compel arbitration. That is because the Court should (and, under the Federal Arbitration Act,

must) decide the question of whether this action can proceed in this forum at all—or instead must proceed in arbitration—before adjudicating any part of the merits of this action, including whether Plaintiffs' amended complaint states a claim upon which relief can be granted.  Once the question of forum is finally resolved, the action may not be proceeding in this Court at all.  If the action does proceed here, only then should (and may) the Court consider the legal sufficiency and plausibility of Plaintiffs' claims under Rule 12.

Altogether, it makes the most sense and will best further the goals of Rule 1 to determine the parties to this action first (through the motions to intervene), then the appropriate forum for Plaintiffs' claims (through a motion to compel arbitration), and finally, if the action remains here, the legal sufficiency and plausibility of Plaintiffs' claims (through any Rule 12 motions).

Accordingly, ESPN and WWE respectfully request that the Court issue an order setting forth the following deadlines:

- Plaintiffs' opposition to ESPN's motions to intervene is due by May 1;

- ESPN's reply in further support of its motions to intervene is due by May 22;

- Any motion to compel arbitration is due within 14 days of the final resolution of ESPN's motions to intervene,[1] and all parties will work in good faith to submit a collectively proposed schedule for the remainder of motion-to-compel briefing;

---

[1] Should the Court deny ESPN's motion to intervene, ESPN would be entitled to an immediate interlocutory appeal.  *See Bhd. of R. R. Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 531-532 (1947).  Any motion to compel arbitration by WWE, or other response to the amended complaint by WWE, should await final resolution of such an appeal, again to determine with finality which parties will assert arbitration and on what bases.

- The deadline to further respond to the amended complaint by WWE and, if intervention is granted, ESPN, shall be 21 days after the final resolution of the motion to compel arbitration.[2]

Counsel for ESPN and WWE proposed this schedule to counsel for Plaintiffs as the most efficient path to resolve ESPN's motions to intervene and the forthcoming motion to compel by ESPN and WWE.  Plaintiffs do not consent to this proposal and intend to file their own scheduling motion.

Dated:  April 3, 2026

Respectfully submitted,

*/s/ Alan E. Schoenfeld*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
Alan E. Schoenfeld (phv207237)
Ryan Chabot (phv208504)
Marissa M. Wenzel (phv209325)
Nelson S. Castaño (phv209324)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com

FINN DIXON & HERLING LLP
Deirdre M. Daly (ct23128)
David Allen (ct30827)
6 Landmark Square
Stamford, CT 06901
Tel: (203) 325-5050
Fax: (203) 325-5001
ddaly@fdh.com
dallen@fdh.com

---

[2] Should the Court deny the motion to compel arbitration, that order would be immediately appealable, and that appeal would automatically stay proceedings in this Court pending its resolution.  *See* 9 U.S.C. § 16; *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023).

4

*Attorneys for ESPN, LLC and BAMTech, LLC*

/s/ Daniel S. Noble
KKL LLP
Daniel S. Noble
Benjamin W. Perotin
(*pro hac vice*)
350 Fifth Avenue
New York, NY 10118
Telephone: (212) 390-9555
Daniel.Noble@KKLllp.com
Ben.Perotin@KKLllp.com

*Attorneys for Defendant World Wrestling Entertainment, LLC*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Alan E. Schoenfeld*
Alan E. Schoenfeld

*Attorney for ESPN, LLC and
BAMTech, LLC*
