**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC,<br><br>   Defendant. | Civil Action No.: 3:26-cv-00039-SFR<br><br>Jury Trial Demanded |

**PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S
MOTION TO ENTER SCHEDULING ORDER
RELATING TO THIRD-PARTIES ESPN, LLC'S AND BAMTECH, LLC'S
<u>MOTIONS TO INTERVENE</u>**

NOW COME PLAINTIFFS Michael Diesa and Rebecca Toback, individually and on behalf of all others similarly situated, and, through their undersigned counsel, respectfully request that this Court set a schedule for disposition of (i) the Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34] (the "LLC's MTI"), and (ii) the Motion to Intervene and Incorporated Memorandum of Law by BAMTech, LLC (Apr. 3, 2026) [Doc. 49] ("BAMTech's MTI"),[1] including deadlines for discovery and briefing.

Specifically, Plaintiffs request that this Court impose the following deadlines related to the pending third-party motion:

- **April 17, 2026:** Deadline for Plaintiffs to serve intervention-related written discovery on ESPN, LLC (the "LLC") and BAMTech, LLC ("BAMTech").

---

[1] Together, the LLC's MTI and BAMTech's MTI are referred to herein as "ESPN's MTIs."

- **May 1, 2026:** Deadline for the LLC and BAMTech to respond to intervention-related written discovery served by Plaintiffs, including, but not limited to, by producing responsive documents.

- **May 15, 2026:** Deadline for Plaintiffs to complete intervention-related depositions, including, but not necessarily limited to, any deposition(s) of a corporate representative(s) of the LLC and/or BAMTech.

- **May 29, 2026:** Deadline for Plaintiffs to file an opposition(s) to ESPN's MTIs.

- **June 12, 2026:** Deadline for the LLC and/or BAMTech to file any reply brief in support of ESPN's MTIs.

This motion is based on the following points and authorities:

1. Plaintiffs filed their Class Action Complaint (Jan. 8, 2026) [Doc. 1] on January 8, 2026 and their Amended Class Action Complaint (Jan. 20, 2026) [Doc. 18] ("ACAC") on January 20, 2026. World Wrestling Entertainment, LLC ("WWE" or "Defendant") is the only defendant named in either pleading.

2. On February 9, 2026, Defendant filed a motion, seeking an extension of time to respond to the ACAC. *See* Doc. 21 (Feb. 9, 2026) ("Pursuant to Local Civil Rule 7(b), Defendant World Wrestling Entertainment, LLC … moves for a 60-day extension of time, to and including April 13, 2026, to respond to Plaintiffs' Amended Class Action Complaint. … Plaintiffs consent to this request."). This Court granted that motion on February 12, 2026. *See* Doc. No. 23  (Feb. 12, 2026) (granting extension of time until April 13, 2026),

3. More than two months after Plaintiffs commenced this action – and just two days before Plaintiffs and WWE[2] were required to file a report pursuant to Federal Rule of Civil Procedure ("Rule") 26 – counsel for the LLC sent counsel for Plaintiffs and counsel for WWE an

---

[2] Together, Plaintiffs and WWE are referred to herein as the "Parties."

e-mail, informing them that the LLC planned to move to, *inter alia*, intervene in this action:

> [W]e represent **ESPN, LLC** in connection with the Diesa litigation.  ESPN intends to move to intervene and to compel arbitration of plaintiffs' claims, as to both ESPN and WWE.  Please let us know if the parties consent to intervention. If not, to conserve party and court resources, we propose to stipulate to an agreed schedule for the motion to intervene, and to adjourn defendants' time to respond to the complaint until fourteen days after the court's ruling on the intervention motion.  …

E-Mail from A. Schoenfeld to M. Sampson, *et al.* (Mar. 23, 2026) (attached hereto as Exhibit A) (emphasis added).  *See also* Plaintiffs' and Defendant's Joint Rule 26(f) Report (Mar. 25, 2026) [Doc. 29] ("Rule 26(f) Report") at 4 ("To be sure, Plaintiffs assert no claims against ESPN. Nevertheless, after WWE and Plaintiffs had agreed to a 60-day extension of the deadline for WWE to respond to the ACAC, and just two days before the deadline for the parties to file this report, [the LLC's] counsel sent an e-mail, stating that 'ESPN intends to move to intervene and to compel arbitration of plaintiffs' claims, as to both ESPN and WWE.'").[3]

  4.  Plaintiffs' counsel responded to the LLC's counsel, stating that Plaintiffs did not "'consent to intervention by ESPN … in this action.'"  Rule 26(f) Report at 4.  Plaintiffs' counsel added, "There is also no basis on which move to compel arbitration." *Id.* at 5.  Furthermore,

---

[3] The LLC, BAMTech, and/or WWE appear intent on delaying these proceedings.  For example, the LLC waited months to file its MTI.  It did so even though there was significant media attention afforded to the commencement of this action, and the LLC (and "ESPN" more generally) would have been aware of these proceedings for months.  *See*, *e.g.*, Zack Heydorn, "WWE Facing New Class Action Lawsuit Over ESPN Streaming Deal," *SI.com* (Jan. 9, 2026), https://www.si.com/fannation/wrestling/wwe/wwe-facing-new-class-action-lawsuit-over-espn-streaming-deal (last visited Apr. 6, 2026); Ben Axelrod, "Lawsuit claims WWE misled fans about PLE access on ESPN," *Awful Announcing* (Jan. 9, 2026), https://awfulannouncing.com/wwe/lawsuit-claims-misled-fans-about-ple-access-espn.html (last visited Apr. 6, 2026).  In addition, "ESPN" now has filed successive motions to intervene.  Of course, "ESPN" should know best which of its entities is allegedly relevant to this dispute, and there should have been no need for it to file more than one such motion.  Further still, in the Motion for Scheduling Order by World Wrestling Entertainment, LLC, ESPN, LLC, and BAMTech, LLC (Apr. 3, 2026) [Doc. 50] ("ESPN & WWE's Scheduling Motion"), the LLC, BAMTech, and WWE are already planting seeds for a further delay.  *See* ESPN & WWE's Scheduling Motion at 3 n.1 ("Any motion to compel arbitration by WWE, or other response to the amended complaint by WWE, should await final resolution of such an appeal ….").

Plaintiffs' counsel rejected the notion of staying the already-extended deadline for WWE to respond to the ACAC or the deadline for the Parties to file their Rule 26(f) Report. *See id.*

5.     Nevertheless, on March 27, 2026, third-party the LLC filed its MTI.[4]  The LLC's MTI is based largely on the argument that intervention is supposedly appropriate so that the *LLC* can, *inter alia*, "assert its [purported] contractual right to resolve [Plaintiffs'] disputes in the way that they [supposedly] agreed[,]" that is, by "binding individual arbitration."  Memorandum of Law in Support of Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34-1] ("ESPN's Memo.") at 2.[5]

6.     The LLC's arguments are largely predicated on the "Disney+, ESPN, and Hulu Subscriber Agreement" (the "Subscriber Agreement").  *See, e.g.*, ESPN's Memo. at 3, 5.  *But see* ACAC at 7 n.13 ("The Disney+, ESPN, and Hulu Subscriber Agreement, which arguably applies to an ESPN DTC Service subscription, does include an arbitration provision and a class-action waiver.  Those adhesive provisions, however, only apply—at most (if at all)—to disputes between subscribers and Disney, ESPN, and/or Hulu.  They have *no application or relevance as to WWE*.") (emphasis in original).

7.     In the LLC's MTI, the LLC advances its "interest in enforcing … the terms of the ESPN Subscriber Agreement," which purportedly requires that certain "disputes about" ESPN's new direct-to-consumer ("DTC") service (the "DTC Service") "be resolved through binding

---

[4]    Plaintiffs will oppose ESPN's MTIs.  *See, e.g.*, Rule 26(f) Report at 6 ("Plaintiffs oppose ESPN's intervention and will oppose any motion to compel arbitration").

[5]    In fact, the LLC makes clear that, if it is allowed to intervene in this action, it intends to move to compel arbitration of all claims (including ones between Plaintiffs and WWE, which actually are the only extant claims).  *See, e.g.*, LLC's MTI at 2 (stating broadly that it will assert that the Court should compel arbitration of Plaintiffs' claims).

individual arbitration."  LLC's MTI at 1 (citation omitted).[6]

8.      The LLC claims that it "is the counterparty to the Subscriber Agreement."  *Id.* at 2.[7]  *See also* ESPN's Memo. at 7 ("ESPN is Diesa and Toback's contractual counterparty in the Subscriber Agreement.").[8]  ***The LLC, however, is not a party to the Subscriber Agreement.*** *See*, *e.g.*, Disney+, ESPN, and Hulu Subscriber Agreement. *Disney+* (Updated; 2/5/2026), https://www.disneyplus.com/legal/subscriber-agreement (last visited Apr. 6, 2026).

9.      After receiving and reviewing the LLC's MTI, Plaintiffs' counsel responded to the LLC's counsel, proposing a schedule for responding to that motion, which included time for discovery.  In response, the LLC's counsel requested:  "So that we can discuss this with our client, could you please describe what kind of intervention-related discovery you intend to seek?  What topics will it cover?"  E-Mail from A. Schoenfeld to M. Sampson, *et al.*, (Mar. 31, 2026) (attached hereto as Exhibit B).

10.     Plaintiffs' counsel responded the same day, *i.e.*, March 31, 2026:  "The discovery would concern the relationship(s) among various 'ESPN' entities, as well as the relationship(s), if any, between those entities and, for example, the DTC Service and the Subscriber Agreement."  E-Mail from M. Sampson to A. Schoenfeld, *et al.* (Mar. 31, 2026) (attached hereto as Exhibit C).

11.     For more than two days, Plaintiffs received no response from the LLC. Therefore, on April 3, 2026, Plaintiffs' counsel again wrote to the LLC's counsel, stating, in

---

[6]   In the LLC's MTI, "ESPN" is defined to mean "ESPN, LLC."  *See* LLC's MTI at 1.

[7]   Specifically, the LLC alleges that "ESPN is the counterparty to the Subscriber Agreement."  LLC's MTI at 2.  In the LLC's MTI, however, "ESPN" is defined to mean "ESPN, LLC."  *See supra* at 5 n.6.  So, references to "ESPN" being the counterparty to the Subscriber Agreement are fairly understood to mean that the LLC is the counterparty.

[8]   Again, in ESPN's Memo., "ESPN" is defined to mean "ESPN, LLC."  *See* ESPN's Memo. at 1.  *See also supra* at 5 n.7.

relevant part:

> I would appreciate receiving a response to our scheduling proposal as soon as possible today …. Otherwise, if we do not receive any response and/or the parties are not able to agree on a schedule for discovery and briefing concerning the motion to intervene, Plaintiffs intend to file a motion with the Court, asking that it set such a schedule. That said, we would much prefer to agree on a schedule and not seek have to seek judicial involvement.

E-Mail from M. Sampson to A. Schoenfeld, *et al.* (Apr. 3, 2026) (attached hereto as Exhibit D).

12.     As if the LLC could anticipate Plaintiffs' confusion, suspicion, and/or inquiries, the LLC's counsel responded, in relevant part:

> We do not agree that any discovery is appropriate at this stage. For one, we think ESPN, LLC's basis for intervening to defend your allegations of misconduct by ESPN related to the ESPN DTC Service and to assert the arbitration provision in the Disney+, *ESPN*, and Hulu Subscriber Agreement governing that Service is clear. ***To avoid any doubt, we will move to intervene today on behalf of BAMTech, LLC as well, the wholly owned ESPN, LLC subsidiary named in the Subscriber Agreement.*** Let us know if you consent to that motion. We do not expect that you will consent to that motion (but let us know if we are wrong), but its filing should resolve any arguable need for discovery.

E-Mail from A. Schoenfeld to M. Sampson, *et al.* (Apr. 3, 2026) (attached hereto as Exhibit E) (emphasis added).

13.     Plaintiffs' counsel responded, in relevant part:

> You are correct; Plaintiffs absolutely do not consent to ESPN filing a second motion to intervene. ESPN's proposed subsequent motion does not resolve or "avoid any doubt." To the contrary, another motion only increases the need for – and basis for seeking – discovery prior to Plaintiffs briefing … any motion(s) to intervene. As such, after we have had a chance to review ESPN's next motion to intervene, we intend to file with the Court … a motion to set a schedule for disposition of all motions to intervene filed by ESPN.

E-Mail from M. Sampson to A. Schoenfeld, *et al.* (Apr. 3, 2026) (attached hereto as Exhibit F).

14.     Late on April 3, 2026, third-party BAMTech filed its MTI, "mov[ing] to intervene as a defendant in this action …, [and] joining the Rule 24 motion by ESPN, LLC." BAMTech's MTI at 1. BAMTech stated that its "grounds for moving to intervene overlap with its parent

company, ESPN, LLC's grounds, and BAMTech expressly incorporates ESPN, LLC's arguments by reference." *Id.* at 2 (citations omitted).

15.    BAMTech – which is represented by the same counsel as the LLC – also asserted: "Plaintiffs' counsel has raised questions about the relationship among various ESPN entities and their relationship with the ESPN DTC Service and the Subscriber Agreement, suggesting that they might seek discovery …. Those questions are misguided. ESPN, LLC is the proper intervenor-defendant to defend allegations against ESPN and enforce its Subscriber Agreement. In an abundance of caution, however, BAMTech now moves to intervene in this action too, joining its direct parent company ESPN, LLC's motion." *Id.* at 1-2.

16.    Without ever clarifying, reconciling, or even addressing the assertions (about the identity of the "counterparty" to the Subscriber Agreement) made in the LLC's MTI, *see*, *e.g.*, *supra* at ¶ 8, BAMTech also argued in its MTI that "BAMTech is the entity designated as ESPN in the Subscriber Agreement." *Id.* at 2. Then, apparently unconcerned about corporate formalities and distinctions, BAMTech asserted: "Plaintiffs' counsel's questions suggest that Plaintiffs might oppose arbitration on the basis of the ESPN entity asserting it." *Id.* at 3. *See also id.* ("But if arbitration were denied on that basis, then at that point whatever other ESPN entity—including BAMTech—could and would seek to intervene to assert *its* arbitration right.") (emphasis in original). Of course, if intervention were to be permitted (which it should not be), Plaintiffs would insist that the appropriate ESPN entity (if any) – and only that entity (if any) – be able to move to compel arbitration. ***Corporate distinctions matter***. *Cf.*, *e.g.*, *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l*, 2 F.3d 24, 26 (2d Cir. 1993) ("Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both.") (applying New York law); *Lines v.*

*Hartford Fin. Group, Inc.*, No. 3:21-CV-00029 (KAD), 2022 WL 408820, at \*4 (D. Conn. Feb. 10, 2022) (same).

17.    In any event, as expected, this second motion to intervene does ***not*** resolve or "avoid any doubt." *See supra* at ¶¶ 12-13.  To the contrary, as Plaintiffs anticipated, this second motion only increases the need for discovery.  It raises more questions than it answers.  For example, it calls into question – at the most basic level – the basis for any ESPN-related party to intervene in this dispute and the identity of any such party.  *See also infra* at ¶ 24 (discussing various topics for discovery).  Even the identity of the "ESPN" entity that is the true party to the Subscriber Agreement remains in some question as a result of ESPN's MTIs.

18.    Indeed, it is not even clear that the LLC or BAMTech would be the appropriate party to intervene, if any intervention were to be allowed.  For example, the e-mail confirming Ms. Toback's subscription to the new DTC Service states, in relevant part:  "Your subscription will automatically continue at the end of your  promotional period (if applicable) and ***ESPN Enterprises Inc. will charge the subscription price*** to your payment method on a monthly basis unless you cancel before your renewal date."  E-Mail from ESPN to R. Toback (Sept. 20, 2025) (attached hereto as Exhibit G) (emphasis added).[9]

19.    In addition, the following reference to ESPN Enterprises, Inc. ("ESPN Enterprises"), which is also ***not*** a party to the Subscriber Agreement,[10] appears at the bottom of

---

[9]    Note that Ms. Toback's e-mail address has been redacted from Exhibit G and from Paragraph 19 below.

[10]    "ESPN" already has demonstrated its intent to seek multiple bites at the apple.  Initially, the LLC moved to intervene.  Days later, BAMTech moved to intervene.  BAMTech stated, that if "arbitration were denied" on the basis of the entity moving to compel arbitration, "then at that point ***whatever other ESPN entity … could and would seek to intervene*** to assert *its* arbitration right."  BAMTech's MTI at 3 (first emphasis added) (second emphasis in original).  "ESPN" should not be permitted to file *seriatim* motions until it finds one of its entities that is the "correct" entity (if one even exists) to try to compel arbitration.  Allowing discovery now will head-off that dilatory, bad-faith approach.

that e-mail:

This email was sent to: ███████████████ Please do not reply to this email as this address is not monitored.

© 2025 ESPN Enterprises, Inc. All Rights Reserved.

ESPN Plaza, Bristol, CT 06010

*Id.*

20.     Moreover, neither the LLC nor BAMTech attached any pleading to their respective MTIs, as required by Rule 24(c).  *See* Fed. R. Civ. P. 24(c) ("The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").  Instead, the LLC asks this "Court to waive any technical obligation under Rule 24(c) to file, contemporaneously with the motion to intervene," the required pleading.  LLC's MTI at 2.

21.     The LLC argues that its "'motion to intervene is sufficient to put the parties on notice' of what ESPN 'will assert in this case.'"  *Id.*  Similarly, citing to the LLC's intervention-related papers, BAMTech asserts that "Rule 24(c) as applied in this Circuit is met because this motion puts all parties on notice of what BAMTech will assert: the right to compel arbitration under the Subscriber Agreement ***on the same bases as ESPN, LLC***."  LLC's MTI at 3 (emphasis added).  But, that assertion just begs the question:  What are the LLC's "bases"?  Neither ESPN-related entity has specifically explained (if at all) any relationship or connection between the LLC and this dispute or the Subscriber Agreement.  Indeed, the LLC appears to be a stranger to – at a minimum – that agreement (which is largely the focus of ESPN's MTIs), and neither it nor

9

BAMTech has pointed to any specific contractual term(s) to support the LLC intervening or potentially compelling arbitration.

22.     Nor, for example, have either of the ESPN-related entities explained any relationship or connection between, for example, either of them and ESPN Enterprises and/or payment for the DTC Service.  BAMTech's actual connection – if any – to the dispute between Plaintiffs and WWE is also far from clear.

23.     As such, the failure to attach the required pleading to ESPN's MTIs has **prejudiced Plaintiffs** and their ability to respond to those motions.  *Cf.*, *e.g.*, *Attitude Wellness LLC v. Village of Pinckney*, No. 21-cv-12021, 2021 WL 5370484, at *5 (E.D. Mich. Nov. 18, 2021) (quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005)) ("Challenges grounded on Rule 24(c) must identify 'prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading.'"); 35A C.J.S. Federal Civil Procedure § 182 (March 2026 Update) ("Prejudice that would result from granting a motion to intervene despite the failure to attach a pleading must be identified to deny the motion on that basis.") (footnote omitted).

24.     In light of the foregoing facts and circumstances, Plaintiffs should be permitted to take limited, expedited discovery to ensure that they have the relevant – and sufficient – information necessary to respond to and to oppose both of ESPN's MTIs.  That discovery will include requests for production of relevant documents (concerning the relationship among the various "ESPN" entities as well as their various connections to the DTC Service, the Subscriber Agreement, and the "megadeal" with WWE[11]) from both the LLC and BAMTech and a corporate representative deposition(s) of the LLC and/or BAMTech (concerning, for example,

---

[11]    *See*, *e.g.*, ACAC at ¶ 28.

the same topics) – all intended to flesh out the nature and relationship of the relevant parties, the agreement, the new service, the parties to the ESPN-WWE deal, and this dispute, as well as to address the propriety of intervention by any entity in this dispute.  Without this critical information, Plaintiffs will be unable to fully respond to and oppose ESPN's MTIs (*i.e.*, they will be prejudiced).

25.    Courts have allowed parties to obtain discovery prior to parties briefing and/or a court deciding a motion to intervene.  *See Minor I Doe through Parent I Doe v. School Bd. For Santa Rosa County, Fla.*, No. 3:08cv361/MCR/EMT, 2009 WL 10674467, at *1 (N.D. Fla. Nov. 30, 2009) ("A brief summary of the operative facts is appropriate.  On September 8, 2009, following oral argument, the court entered an order scheduling an evidentiary hearing on Christian Educator's motion to intervene to begin on December 2, 2009, and ***permitting the parties to engage in limited discovery on the issues of Christian Educator's standing to intervene*** and the timeliness of the intervention.") (emphasis added) (citation omitted).[12]

26.    In an effort to ***not*** delay these proceedings further, Plaintiffs propose the following ***expedited*** discovery deadlines:[13]

> **April 17, 2026:**    Deadline for Plaintiffs to serve intervention-related written discovery on LLC and BAMTech.[14]

---

[12]    In fact, if and as it deems necessary, this Court could and should schedule an evidentiary hearing too.

[13]    Plaintiffs initially proposed earlier deadlines to the LLC, *see* E-Mail from M. Sampson to A. Schoenfeld, *et al.* (Mar. 31, 2026) (attached hereto as Exhibit H), but they now have pushed each proposed deadline back a week to account for the time lost trying to negotiating a schedule.

[14]    This Court should order that, in lieu of requiring Plaintiffs to serve a third-party subpoena(s) on non-parties the LLC and BAMTech to obtain documents and/or deposition testimony, Plaintiffs are permitted to serve requests for production of documents (pursuant to Rule 34) and deposition notices (pursuant to Rule 30).  Such order shall be entered only to (procedurally) expedite this matter and shall not be deemed a (substantive) indication of the propriety of the LLC's and/or BAMTech's involvement in this matter.

**May 1, 2026:** Deadline for the LLC and BAMTech to respond to intervention-related written discovery served by Plaintiffs, including, but not limited to, by producing responsive documents.

**May 15, 2026:** Deadline for Plaintiffs to complete intervention-related depositions, including, but not necessarily limited to, any deposition(s) of a corporate representative(s) of the LLC and/or BAMTech.

27. This Court also should set the following briefing schedule with respect to ESPN's MTIs:

**May 29, 2026:** Deadline for Plaintiffs to file an opposition(s) to ESPN's MTIs.

**June 12, 2026:** Deadline for the LLC and/or BAMTech to file any reply brief in support of ESPN's MTIs.[15]

28. Finally, so as not to further delay these proceedings, WWE should still be required to respond to the ACAC by April 13, 2026, as it and Plaintiffs previously agreed. *See supra* at ¶ 2.

29. A proposed Order granting this motion and setting forth the foregoing discovery and briefing deadlines is attached hereto.

For the foregoing reasons, and upon the foregoing points and authorities, this Court should grant this motion and establish the schedule requested herein.

---

[15] Setting a briefing schedule for any motion(s) to compel arbitration would be ***premature*** at this time; no such motion has been filed, and intervention by any entity is opposed and not yet permitted. If intervention is denied, no further briefing schedule will be necessary at that time. *Cf., e.g.*, ESPN & WWE's Scheduling Motion at 2 ("***If*** the motions to intervene are granted, ESPN intends to file a motion to compel arbitration ....") (emphasis added). If intervention is permitted and a motion(s) to compel arbitration is filed, a briefing schedule can be set at that time.

Dated: April 6, 2026

Respectfully submitted,

By: */s/ Michael H. Sampson*

Michael H. Sampson
Nicholas A. Colella
(admitted *pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
mike@lcllp.com
nickc@lcllp.com

Joseph P Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite
Anja Rusi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
ecomite@scott-scott.net
arusi@scott-scott.com

*Counsel for Plainitffs and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 6, 2026, true and correct copies of the foregoing PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S MOTION TO ENTER SCHEDULING ORDER RELATING TO THIRD-PARTIES ESPN, LLC'S AND BAMTECH, LLC'S MOTIONS TO INTERVENE, exhibits thereto, and proposed Order were served on the following counsel via the Court's ECF System:

Daniel Scott Noble, Esq.
Benjamin W. Perotin, Esq.
KKL LLP
350 Fifth Avenue
New York, NY 10118
Daniel.Noble@KKLllp.com
Ben.Perotin@KKLllp.com
*Counsel for Defendant World Wrestling Entertainment, LLC*

David R. Allen, Esq.
Deidre M. Daly, Esq.
Finn Dixon & Herling LLP
Six Landmark Square
Stamford, CT 06901
dallen@fdh.com
ddaly@fdh.com

Alan E. Schoenfeld, Esq.
Ryan Chabot, Esq.
Marissa M. Wenzel, Esq.
Nelson S. Castano, Esq.
Wilmer Culter Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com
*Counsel for Proposed Intervenors ESPN, LLC & BAMTech, LLC*

*/s/ Michael H. Sampson*
Michael H. Sampson