**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC,<br><br>    Defendant. | Civil Action No.: 3:26-cv-00039-SFR<br><br>Jury Trial Demanded |

**PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR SCHEDULING ORDER BY WORLD WRESTLING
ENTERTAINMENT, LLC, ESPN, LLC, AND BAMTECH, LLC**

This Court has been asked to set a schedule for the disposition of two motions to intervene filed by two ESPN-related entities, *i.e.*, ESPN, LLC (the "LLC") and BAMTech, LLC ("BAMTech").[1]  Plaintiffs have filed a motion, asking this Court to enter the scheduling order that they have proposed.[2]  The LLC, BAMTech, and Defendant World Wrestling Entertainment, LLC ("WWE") collectively have filed a competing motion, requesting that this Court adhere to their own preferred schedule.[3]

---

[1]   *See* Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34] (the "LLC's MTI"); Motion to Intervene and Incorporated Memorandum of Law by BAMTech, LLC (Apr. 3, 2026) [Doc. 49] ("BAMTech's MTI").  Together, the LLC and BAMTech are referred to herein as the "ESPN Entities."  And, together, the LLC's MTI and BAMTech's MTI are referred to herein as "ESPN's MTIs."

[2]   *See*, *e.g.*, Plaintiffs Michael Diesa and Rebecca Toback's Motion to Enter Scheduling Order Relating to Third-Parties ESPN, LLC's and BAMTech, LLC's Motions to Intervene (Apr. 6, 2026) [Doc. 53] ("Plaintiffs' Scheduling Motion").

[3]   *See* Motion for Scheduling Order by World Wrestling Entertainment, LLC, ESPN, LLC, and BAMTech, LLC (Apr. 3, 2026) [Doc. 50] ("ESPN & WWE's Scheduling Motion").

On a number of points, the dueling motions (and proposed orders) are in agreement.  For example, Plaintiffs, the ESPN Entities, and WWE all agree that this Court should decide ESPN's MTIs before they or the Court turn to any (potential) motion(s) to compel arbitration.[4]  On other points, however, they do not agree.  Most notably, unlike Plaintiffs' proposed schedule, the schedule proposed by the ESPN Entities and WWE does not permit Plaintiffs to take any discovery prior to consideration of ESPN's MTIs.[5]  Their proposed schedule also affords WWE an indeterminate amount of time[6] beyond the additional 60 days it already received to respond to Plaintiffs' Amended Class Action Complaint (Jan. 20, 2026) [Doc. 18] ("ACAC").[7]

For the reasons set forth herein and in Plaintiffs' Scheduling Motion, which is incorporated herein by reference, this Court should deny ESPN & WWE's Scheduling Motion (and instead grant Plaintiffs' Scheduling Motion, which requires, *inter alia*, that WWE respond to the ACAC by the current deadline and permits Plaintiffs to engage in limited, expedited discovery relating to ESPN's MTIs).

"[T]he [U.S. Court of Appeals for the] Second Circuit has repeatedly emphasized the 'fact-intensive nature' of the inquiry a district court must make in resolving a motion to

---

[4]  *See, e.g.*, Plaintiff's Scheduling Motion at 12 n.15 ("Setting a briefing schedule for any motion(s) to compel arbitration would be ***premature*** at this time …  If intervention is permitted and a motion(s) to compel arbitration is filed, a briefing schedule can be set at that time.") (emphasis in original); ESPN & WWE's Scheduling Motion at 1 ("WWE and ESPN submit that briefing on the motion to compel arbitration should follow final resolution of the motions to intervene ….").

[5]  *Cf., e.g.*, Opposition to Plaintiffs' Motion to Enter Scheduling Order by World Wrestling Entertainment, LLC, ESPN, LLC, and BAMTech, LLC (Apr. 7, 2026) [Doc. 55] ("ESPN & WWE's Opposition") at 1 (opposing Plaintiffs' Scheduling Motion "to the extent that it seeks discovery").

[6]  *See, e.g.*, ESPN and WWE's Scheduling Motion at 4 ("The deadline to further respond to the amended complaint by WWE and, if intervention is granted, ESPN, shall be 21 days after the final resolution of the motion to compel arbitration.") (footnote omitted).

[7]  *Cf., e.g.*, Plaintiffs' Scheduling Motion at ¶ 2 (discussing the extension of time to respond to the ACAC that WWE already requested and received).

intervene." *Tatintsian v. Vorotyntsev*, No. 1:16-cv-7203-GHW, 2026 WL 852569, at *2 (S.D.N.Y. Mar. 27, 2026). In many cases, "an evidentiary hearing will … be held. The primary purpose of any evidentiary hearing is to determine the specific factual basis for the intervenor's motion." 3 Bus. & Com. Litig. Fed. Cts. § 24:59 (5th ed.) (footnotes omitted). Discovery can occur in advance of such a hearing. *See*, *e.g.*, Plaintiffs' Scheduling Motion at ¶ 25 (citing *Minor I Doe through Parent I Doe v. School Bd. For Santa Rosa County, Fla.*, No. 3:08cv361/MCR/EMT, 2009 WL 10674467, at *1 (N.D. Fla. Nov. 30, 2009)).[8]

Neither the ESPN Entities nor WWE have identified a single case that precludes discovery prior to an intervention motion being briefed and/or decided. Their reliance on cases that stand for the proposition that, when deciding "a motion to intervene, [a] court must accept as true the non-conclusory allegations of the motion," ESPN & WWE's Opposition at 1 (internal quotations omitted), does ***not*** help them either. ESPN's MTIs are predicated largely on "conclusory allegations." *See*, *e.g.*, LLC's MTI at 2 (alleging that the LLC "is the counterparty to the Subscriber Agreement");[9] Memorandum of Law in Support of Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34-1] at 2 (stating that the LLC "has an interest in enforcing Diesa and Toback's contractual arbitration agreement"); *id.* at 6 ("Not granting intervention would also impair [the LLC's] interest in defending itself against meritless allegations that ESPN violated the law."). *Compare*, *e.g.*, *Dalicer v. American Express*, No. 1:24-CV-196, 2024 WL 1538441, at *3 (M.D. Pa. Mar. 6, 2024) ("Here, other than a ***conclusory allegation that parties***

---

[8]    Plaintiffs have requested an evidentiary hearing "if and as [this Court] deems necessary." *Id.* at 11 n.12.

[9]    *See also id.* at 5 nn.6-8 (discussing 'ESPN" being defined to mean "ESPN, LLC"). Notably, in ESPN & WWE's Opposition, they never once dispute that the ESPN Entities and WWE have made conflicting representations to this Court about the identity of the actual "ESPN" "counterparty" to the "Disney+, ESPN, and Hulu Subscriber Agreement" (the "Subscriber Agreement"). *Cf.* Plaintiffs' Scheduling Motion at ¶ 16. *See also id.* at ¶¶ 5-8, 12; *id.* at 5 nn.6-8.

*had a binding contract*, Dalicer provides no support that there was a valid contract between the parties, *nor does he provide any allegations from which we could discern the essential terms of any such contract*.") (emphasis added);[10] *Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 299 (S.D.N.Y. 2022) ("Defendants contend that Plaintiff not only makes *conclusory allegations about the corporate relationship* …, but that he also *fails to sufficiently allege any facts to suggest that BSCHS was responsible for any purportedly actionable conduct*.  After due consideration, the Court agrees.") (emphasis added) (citation omitted); *Webb v. Mentor Worldwide, LLC*, 453 F. Supp. 3d 550, 562 (N.D.N.Y. 2020) ("Courts in this Circuit have found that purely *conclusory allegations of alter-ego status* will similarly not survive a motion to dismiss.") (emphasis added); *Wilder v. News Corp.*, No. 11 Civ. 4947(PGG), 2014 WL 1315960, at *4 (S.D.N.Y. Mar. 31, 2014) (finding that "the Complaint contains only vague and *conclusory allegations about NI Group's relationship with News Corp*.") (emphasis added).[11]

ESPN's MTIs lack meaningful factual allegations.  For example, they do ***not*** identify which ESPN entity entered into the relevant agreement with WWE (making it impossible to discern which ESPN entity, if any, even arguably may have an interest in the outcome of

---

[10]  *See also*, *e.g.*, *Foster v. Northeast Ohio Corr. Ctr.*, No. 4:25-cv-295, 2025 WL 2917112, at *4 (N.D. Ohio Oct. 14, 2025) ("Foster *fails to point to any specific language in any contract* and provides only *conclusory allegations of his third-party beneficiary status*") (emphasis added); *Delta Flex Partners v. Randolph Hosp., Inc.*, No. 3:24-CV-940-L, 2024 WL 5202763, at *4 (N.D. Tex. Dec. 23, 2024) ("Plaintiff contends that the parties entered into the Agreement and Term Sheet on July 2, 2019.  …  The attached invoices do not allow the court to reasonably infer that there was a contract established between the two parties. *Moreover, Plaintiff does not attach copies of the Agreement, Term Sheet, or any other contract between the parties.*  Plaintiff's allegations are *conclusory* and are not supported by adequate factual allegations.") (first emphasis in original) (second emphasis added); *Baxter v. Select Portfolio Servs., Inc.*, No. 2:18-cv-02812-TLP-dkv, 2019 WL 1748549, at *3 (W.D. Tenn. Apr. 18, 2019) ("Plaintiff has only made *conclusory allegations that the parties had a contract* and that Defendant breached the contract.") (emphasis added);

[11]  These cases, as well as the cases cited in footnote 10, *supra*, are not necessarily intervention-related. They arise from a variety of circumstances, including, for example, motions to dismiss.  Regardless, they speak to the types of allegations that courts have called "conclusory."

Plaintiffs' claims against WWE).  Further, the motions include few, if any, factual allegations that would explain the relevance of, or relationships between or among, any ESPN-related entities.  Similarly, although ESPN points to a website where the Subscriber Agreement may be found, it does ***not*** attach the supposedly relevant contract or quote its contractual terms.

In fact, although the ESPN Entities took issue with certain points in Plaintiffs' Scheduling Motion, *see*, *e.g.*, ESPN & WWE's Opposition at 3-4, the LLC and BAMTech never addressed – never mind rebutted – Plaintiffs' observation(s) that the ESPN Entities made conflicting representations about the identity of the ESPN entity that is a party to the Subscriber Agreement.  *See supra* at 3 n.9.  "Although courts generally accept as true an applicant's ***well-pleaded, non-conclusory*** allegations on a motion to intervene, ***this does not permit courts to turn a blind eye where the allegations are contradicted*** or ***unsupported by 'credible' proof***."  *Floyd v. City of New York*, 302 F.R.D. 69, 97 (S.D.N.Y. 2014) (emphasis added).  Here, the "conflicting factual allegations" not only mean that "the court need not accept plaintiffs' conclusory legal allegation[s]," *Hughes v. First Guar. Mortgage Corp.*, No. CV 09-04844 MMM (Ex), 2009 WL 10869249, at *13 (C.D. Cal. Nov. 2, 2009), they also, by logical extension, mean that discovery is ***warranted*** and ***necessary*** to, *inter alia*, sort out the conflicting allegations and allow Plaintiffs to fully and fairly oppose ESPN's MTIs.[12]

Additionally, contrary to the ESPN Entities and WWE's arguments, WWE should still be required to respond to the ACAC by April 13, 2026.  That was ***the deadline WWE requested*** and was granted.  *See* Plaintiffs' Scheduling Motion at ¶ 2.  *See also id.* at ¶ 28.  A motion to intervene does not change that fact(s) or (necessarily) any applicable deadline.  *Cf. Evans v.*

---

[12]    *Cf.*, *e.g.*, *Hudson v. Hermann Pfauter GmbH & Co.*, 117 F.R.D. 33, 39 (N.D.N.Y. 1987) (stating that the federal district "court is vested with extensive 'discretionary powers to control discovery in order to ensure fairness to both parties'").  *Cf. also*, *e.g.*, Fed. R. Civ. P. 26(b) (discussing scope of discovery).

*Mitsubishi Motor Mfg. of Am., Inc.*, No. 94-1545, 1996 WL 875736, at *2 (C.D. Ill. Dec. 12, 1996) ("If intervention is permitted, the EEOC has bound itself to take the … case as it finds it, abiding by any existing deadlines."). *Cf. also Phillips v. Indianapolis Life Ins. Co.*, No. 1:06-cv-1544-WTL-JMS, 2009 WL 10715096, at *3 n.4 (S.D. Ind. Apr. 15, 2009) (citing *Evans*, 1996 WL 875736, for the proposition "that an intervenor must 'take the … case as it finds it, abiding by any existing deadlines'").

Requiring that WWE respond to the ACAC as long-ago ordered will ***not*** necessarily, as the ESPN Entities and WWE predict, "create parallel tracks, months apart, with separate rights to appeals and to stays." ESPN & WWE's Opposition at 3. WWE can still, if it so chooses, move to compel arbitration pursuant to an agreement to which it is not a party, *i.e.*, the Subscriber Agreement. *Cf., e.g.. id.* ("WWE is a non-signatory to the Subscriber Agreement …."). If later permitted to intervene – which they should not be – the ESPN Entities will then just "take[] the case as [they] find[] it." *Hobbs v. Police Jury of Morehouse Parish*, 49 F.R.D. 176, 180 (W.D. La. 1970). *See also*, *e.g.*, *Russo v. Kirby*, No. 71-C-1237, 1971 WL 10979, at *1 (E.D.N.Y. Nov. 16, 1971) ("When an intervenor enters a case, he normally takes it as he finds it and is subject to the provisions of all prior orders and proceedings.").

For the foregoing reasons, and upon the foregoing points and authorities, this Court should deny ESPN & WWE's Scheduling Motion.

Dated: April 9, 2026

Respectfully submitted,

By: */s/ Michael H. Sampson*

Michael H. Sampson
Nicholas A. Colella
(admitted *pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
mike@lcllp.com
nickc@lcllp.com

Joseph P Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite
Anja Rusi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
ecomite@scott-scott.net
arusi@scott-scott.com

*Counsel for Plainitffs and Putative Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that, on April 9, 2026, true and correct copies of the foregoing PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR SCHEDULING ORDER BY WORLD WRESTLING ENTERTAINMENT, LLC, ESPN, LLC, AND BAMTECH, LLC were served on the following counsel via the Court's ECF System:

Daniel Scott Noble, Esq.
Benjamin W. Perotin, Esq.
KKL LLP
350 Fifth Avenue
New York, NY 10118
Daniel.Noble@KKLllp.com
Ben.Perotin@KKLllp.com
*Counsel for Defendant World Wrestling Entertainment, LLC*

David R. Allen, Esq.
Deidre M. Daly, Esq.
Finn Dixon & Herling LLP
Six Landmark Square
Stamford, CT 06901
dallen@fdh.com
ddaly@fdh.com

Alan E. Schoenfeld, Esq.
Ryan Chabot, Esq.
Marissa M. Wenzel, Esq.
Nelson S. Castano, Esq.
Wilmer Culter Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com
*Counsel for Proposed Intervenors ESPN, LLC & BAMTech, LLC*

*/s/ Michael H. Sampson*
Michael H. Sampson

8