# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

MICHAEL DIESA and REBECCA TOBACK,
individually and on behalf of all others similarly
situated,

       Plaintiffs,

v.

WORLD WRESTLING ENTERTAINMENT,
LLC,

       Defendant.

Civil Action No. 3:26-cv-00039-SFR-TOF

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
# WORLD WRESTLING ENTERTAINMENT, LLC's MOTION TO STAY DISCOVERY

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ................................................................................................................. 2

ARGUMENT ..................................................................................................................... 2

    I.    WELL-ESTABLISHED CASE LAW PROVIDES THAT DISCOVERY SHOULD BE STAYED IN LIGHT OF THE PENDING MOTION TO COMPEL ARBITRATION. ........... 4

    II.    "GOOD CAUSE" EXISTS TO STAY DISCOVERY. ...................................................... 5

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al Thani* v. *Hanke*,
No. 20 Civ. 4765 (JPC), 2021 WL 23312 (S.D.N.Y. Jan. 4, 2021) ............................................ 7

*Alloway v. Bowlero Corp.*,
No. 24 Civ. 4738 (SJB) (JMW), 2026 WL 493952 (E.D.N.Y. Feb. 23, 2026) .................. 3, 5, 8

*Alvarez v. Experian Info. Sols., Inc.*,
No. 19 Civ. 3343 (JS) (JMW), 2021 WL 2349370 (E.D.N.Y. June 7, 2021) ......................... 3, 9

*Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*,
No. 24 Civ. 5168 (RA), 2024 WL 4893269 (S.D.N.Y. Nov. 26, 2024) ..................................... 5

*Contracto Ltd. v. Fast Search & Transfer Int'l, AS*,
No. 12 Civ. 1930 (JS) (ARL), 2012 WL 12252587 (E.D.N.Y. July 12, 2012) ......................... 8

*Cuartero v. United States*,
No. 05 Civ. 1161 (RNC), 2006 WL 3190521 (D. Conn. Nov. 1, 2006 ) ............................... 3, 8

*Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*,
No. 16 Civ. 1601 (VAB), 2017 WL 11577923 (D. Conn. July 24, 2017) ........................ *passim*

*Elnenaey v. JP Morgan Chase Bank, N.A.*,
No. 20 Civ. 5430 (DG) (LB), 2021 WL 7908626 (E.D.N.Y. Oct. 7, 2021) ............................... 8

*In re Term Commodities Cotton Futures Litig.*,
No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738 (S.D.N.Y. May 8, 2013) ....................... 10

*ITT Corp v. Travelers Cas. & Sur. Co.*,
No. 12 Civ. 38 (RNC), 2012 WL 2944357 (D. Conn. July 18, 2012) ....................................... 9

*JCJ Architecture, PC v. Larry Edmondson Assocs., Inc.*,
No. 20 Civ. 1006 (RNC), 2021 WL 6841414 (D. Conn. Oct. 5, 2021) ..................................... 9

*Joglo Realities Inc. v. Dep't of Env't. Conservation*,
No. 16 Civ. 1666 (ARR) (CLP), 2016 WL 11480895 (E.D.N.Y. Oct. 17, 2016) ..................... 8

*Legacy Cap. 26, LLC v. Chaldean Enter., LLC*,
No. 22 Civ. 5758 (LJL), 2023 WL 5530307 (S.D.N.Y. Aug. 28, 2023) ................................... 5

*Marsh & McLennan Agency LLC v. Williams*,
No. 22 Civ. 8920 (JPC), 2023 WL 2242074 (S.D.N.Y. Feb. 27, 2023) ................................. 3, 7

*Mazzola v. Anthem Health Plans, Inc.*,
No. 25 Civ. 1433 (OAW), 2026 WL 1045702 (D. Conn. Apr. 17, 2026) .............................. 4, 8

*Merida Cap. Partners III LP v. Fernane*,
No. 25 Civ. 1235 (JAV), 2025 WL 1541072 (S.D.N.Y. May 30, 2025).............................. 2, 3

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022).................................................................................................................. 8

*Niv v. Hilton Hotels Corp.*,
No. 06 Civ. 7839 (PKL), 2007 WL 510113 (S.D.N.Y. Feb. 15. 2007).................................... 9

*O'Sullivan v. Deutsche Bank AG*,
No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585 (S.D.N.Y. Apr. 26, 2018)...................... 8

*Oestreicher v. Equifax Info. Servs., LLC*,
No. 23 Civ. 239 (NRM) (MMH), 2023 WL 3819378 (E.D.N.Y. June 5, 2023) ....................... 6

*Ross v. Bank of Am., N.A. (USA)*,
No. 05 Civ. 7116 (WHP), 2006 WL 36909 (S.D.N.Y. Jan. 6, 2006) ....................................... 3

*Sarah Car Care, Inc. v. Logisticare Sols., LLC.*,
No. 21-3108, 2023 WL 5378845 (3d Cir. Aug. 22, 2023) ..................................................... 4, 7

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
206 F.R.D. 367 (S.D.N.Y. 2002) ............................................................................................. 6

*Sutherland v. Ernst & Young LLP*,
856 F. Supp. 2d 638 (S.D.N.Y. 2012)...................................................................................... 5

*Thomas* v. *N.Y.C. Dep't of Educ.*,
No. 09 Civ. 5167 (SLT), 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) ................................. 6

*Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Cap. Mkts. Corp.*,
996 F.2d 1478 (2d Cir. 1993).................................................................................................. 9

**Statutes**

9 U.S.C. § 3.............................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 26..................................................................................................................... 2

Defendant World Wrestling Entertainment, LLC ("WWE") respectfully submits this memorandum of law in support of its oral motion to stay discovery made during the conference before Judge Thomas O. Farrish on April 21, 2026.

### PRELIMINARY STATEMENT

Courts in this District typically stay discovery while a motion to compel arbitration is pending in light of the liberal federal policy favoring arbitration and the strong interest in conserving judicial and litigant resources by avoiding unnecessary and duplicative proceedings. *See Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc*., No. 16 Civ. 1601 (VAB), 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) (noting that it is the "general practice of district courts" to stay discovery while a motion to compel arbitration is pending (citation modified)).  This case exemplifies why that well-reasoned practice exists.

When Plaintiffs Michael Diesa and Rebecca Toback subscribed to ESPN's direct-to-consumer streaming service (the "ESPN DTC Service") to view WWE programming, they agreed to binding individual arbitration of any claims relating to their subscription and waived their right to bring their claims as a class action.  Accordingly, WWE and proposed intervenors ESPN, LLC and BAMTech, LLC (together "ESPN") have moved to compel arbitration of Plaintiffs' claims. *See* ECF 62.  In the brief time before that motion can be decided, Plaintiffs want to begin discovery that, by their own admission, would entail seeking broad swaths of document discovery regarding WWE and ESPN's businesses and noticing at least fifteen depositions.  This is not only a waste of the parties' and this Court's time and resources, but it will result in prejudice to WWE.  By contrast, Plaintiffs cannot identify any prejudice to them from a modest stay of discovery or any other compelling reason for this Court to ignore the normal and well-founded practice of staying discovery pending a motion to compel arbitration.  This Court should, therefore, grant the motion

to stay discovery until final resolution of the motion to compel arbitration.

## BACKGROUND

On January 20, 2026, Plaintiffs filed the amended complaint against WWE.  ECF 18.  On March 27, ESPN, LLC filed a motion to intervene.  ECF 34.  On April 3, BAMTech, LLC filed a motion to intervene.  ECF 49.  On April 13, WWE and ESPN jointly filed a motion to compel arbitration.  ECF 62.

On April 21, Judge Farrish held a scheduling conference with the parties.  During the conference, Plaintiffs' counsel stated that he believed that merits discovery should begin despite the pendency of the motions to intervene and the motion to compel arbitration.  In light of this, WWE made an oral motion to stay discovery pending final resolution of the motion to compel arbitration.  ECF 66.  After hearing argument, Judge Farrish ordered that Plaintiffs and WWE simultaneously brief the motion to stay discovery.  ECF 69.

On April 27, Judge Farrish entered an order requiring Plaintiffs to respond to ESPN, LLC's and BAMTech LLC's motions to intervene by May 1, and ESPN, LLC and BAMTech, LLC to file any reply by May 15.  ECF 73.  Judge Farrish further ordered that briefing on WWE's and ESPN's motion to compel arbitration be held in abeyance pending resolution of the motions to intervene.  *Id.*

## ARGUMENT

This Court may stay discovery upon a showing of "good cause" and to protect a party from "undue burden or expense."  Fed. R. Civ. P. 26(c)(1)(A)–(B).  "A party may establish 'good cause' by showing that it has filed a dispositive motion, including a motion to . . . compel arbitration."  *Dome Tech.*, 2017 WL 11577923, at *1.  In fact, a motion to compel arbitration presents an even stronger case for a stay than other dispositive motions.  *See Merida Cap. Partners III LP v.*

2

*Fernane*, No. 25 Civ. 1235 (JAV), 2025 WL 1541072, at \*3 (S.D.N.Y. May 30, 2025) (observing that "[c]ourts often differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss").  In such circumstances, "a stay pending a motion to compel arbitration *should be granted absent compelling reasons to deny it*." *Alloway v. Bowlero Corp.*, No. 24 Civ. 4738 (SJB) (JMW), 2026 WL 493952, at \*2 (E.D.N.Y. Feb. 23, 2026) (emphasis added) (citation modified).

Thus, courts in the Second Circuit routinely stay discovery "without even investigating the three-part test" to assess whether good cause exists for a stay of discovery, which normally includes an examination of:  (i) the breadth of the discovery sought and the burden of responding to it; (ii) the prejudice that would be suffered by the party opposing the stay; and (iii) the strength of the dispositive motion that is the basis of the request to stay discovery.  *Dome Tech.*, 2017 WL 11577923, at \*1 (noting that "[w]hen a dispositive motion would remove the litigation to another forum, good cause may require a stay"); *see also Cuartero v. United States*, No. 05 Civ. 1161 (RNC), 2006 WL 3190521, at \*1 (D. Conn. Nov. 1, 2006).[1]  Indeed, Judge Sarah F. Russell has followed this approach in a similar case.  *See* Order Granting Stay, ECF 116, *Grant v. World Wrestling Ent., Inc.*, No. 24 Civ. 90 (SFR) (D. Conn. May 7, 2025) (holding that "[g]iven Defendants' forthcoming motion to compel arbitration, the court finds good cause to suspend Local Rule 26(f) requirements and stay discovery" without discussion of the three factors).  This is because a stay in these circumstances "serves to help prevent duplicative and inefficient litigation."  *Marsh & McLennan Agency LLC v. Williams*, No. 22 Civ. 8920 (JPC), 2023 WL

---

[1] This practice is widespread.  *See, e.g.*, *Alloway*, 2026 WL 493952, at \*1–2; *Joseph*, 2025 WL 2374071, at \*1; *Merida Cap. Partners III LP*, 2025 WL 1541072, at \*4; *Alvarez v. Experian Info. Sols., Inc.*, No. 19 Civ. 3343 (JS) (JMW), 2021 WL 2349370, at \*2 (E.D.N.Y. June 7, 2021); *Ross v. Bank of Am., N.A. (USA)*, No. 05 Civ. 7116 (WHP), 2006 WL 36909, at \*1 (S.D.N.Y. Jan. 6, 2006).

2242074, at *2 (S.D.N.Y. Feb. 27, 2023) (citation omitted).  Under any standard, however, a brief stay of discovery to allow time for the motions to intervene and motion to compel discovery to be adjudicated is warranted here.

## I. WELL-ESTABLISHED CASE LAW PROVIDES THAT DISCOVERY SHOULD BE STAYED IN LIGHT OF THE PENDING MOTION TO COMPEL ARBITRATION.

There is no reason, let alone a compelling one, to deviate from the well-established and well-reasoned approach that district courts normally follow in staying discovery pending a motion to compel arbitration.  During the conference, Plaintiffs' primary argument for proceeding with merits discovery before a decision on the motion to compel arbitration was that they believe they are entitled to their day in court and that as time passes, memories could get foggy (even though all of the alleged statements at issue occurred within the past year).  But those factors are present in every case and do not provide a "compelling" reason to deviate from district courts' typical practice when faced with a motion to compel arbitration.  *See, e.g.*, *Mazzola v. Anthem Health Plans, Inc.*, No. 25 Civ. 1433 (OAW), 2026 WL 1045702, at *4 (D. Conn. Apr. 17, 2026) (explaining that risk of fading memories is "ordinary risk of litigation" that does not warrant denying stay).

Nor should this Court reward Plaintiffs' gamesmanship in attempting to bring their arbitrable claims against WWE (and ESPN) in federal court by allowing them to obtain broader discovery than they could otherwise obtain in the arbitral forum where they agreed to resolve all claims relating to the ESPN DTC Service.  As the Third Circuit has observed, a decision allowing discovery to commence during the pendency of a motion to compel arbitration "effectively denies [the] motion to compel arbitration because the Court is allowing the litigation to proceed in full," such that it is immediately appealable.  *Sarah Car Care, Inc. v. Logisticare Sols., LLC.*, No. 21-3108, 2023 WL 5378845, at *2 (3d Cir. Aug. 22, 2023) (holding that an order contemplating fact

4

discovery being completed in federal court as opposed to arbitration despite pending motion to compel arbitration was immediately appealable under Section 3 of the Federal Arbitration Act ("FAA")).

By contrast, staying discovery would conserve the parties' and this Court's time and resources, preserve WWE's (and ESPN's) right to have Plaintiffs' claims heard in individual arbitration, avoid prejudice to WWE (and ESPN) in potentially waiving the right to arbitration by substantively participating in this litigation, and further the "systemic interest in preventing duplicative and inefficient litigation." *Dome Tech.*, 2017 WL 11577923, at *2. "Any delay caused by the stay"—which, as Judge Farrish observed during the conference, would likely last a few months at most—is "outweighed by the efficiency and resource-conservation considerations [provided by a stay]." *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24 Civ. 5168 (RA), 2024 WL 4893269, at *4 (S.D.N.Y. Nov. 26, 2024); *see also Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) ("[C]onsiderations of judicial economy counsel, as a general matter, against investment of court resources that may prove to have been unnecessary.").[2]

## II.    "GOOD CAUSE" EXISTS TO STAY DISCOVERY.

"Good cause" exists to stay discovery pending a motion to compel arbitration because there is no "compelling reasons to deny it." *Alloway*, 2026 WL 493952, at *1. Therefore, this Court need not consider the three factors courts otherwise assess to determine "good cause." But even

---

[2] This case is easily distinguished from the instances where courts have permitted discovery, despite a pending motion to compel arbitration. Those cases are not only factually distinguishable, but have only permitted limited discovery bearing on the question of arbitrability, not the full merits discovery that Plaintiffs have proposed here. *See, e.g.*, *Legacy Cap. 26, LLC v. Chaldean Enter., LLC*, No. 22 Civ. 5758 (LJL), 2023 WL 5530307, at *1–2 (S.D.N.Y. Aug. 28, 2023) (granting limited discovery regarding circumstances of entry into arbitration agreement prior to decision on motion to compel arbitration given that party opposing stay provided evidence that the arbitration clause was induced by fraud).

if it did, those three factors confirm that discovery should be stayed here.

*First*, the full merits discovery Plaintiffs seek to begin now is exceedingly broad and would be extremely burdensome for WWE and ESPN.  As alleged, this case involves a multi-billion-dollar partnership between two of the largest sports and entertainment companies in the world.  *See, e.g.*, Compl. ¶¶ 1–2.  Plaintiffs have previewed that their discovery requests will be wide-ranging, and that discovery "will be needed on at least" a list of twenty extremely broad topics, such as "[t]he nature of the relationship between WWE and ESPN," the "deal . . . entered into between WWE and ESPN in 2025," and "the marketing and promotion of the new DTC service." ECF 29 at 9–10.  During the conference, Plaintiffs reiterated that they would seek broad categories of discovery, including for example, all documents and communications regarding WWE's relationship with ESPN.  Plaintiffs also stated that they would be seeking similarly expansive discovery from ESPN—whether or not it is permitted to intervene in this case.  Dozens of WWE employees—and no doubt dozens more from ESPN—have performed work in some capacity in connection with WWE's corporate partnership with ESPN and the WWE premium live events at issue.  In fact, Plaintiffs represent that they would need to take the depositions of "at least" ten to fifteen fact witnesses.  ECF 29 at 12.  Based on the scope of Plaintiffs' expected requests, which touch on every aspect of the WWE-ESPN relationship, the discovery Plaintiffs are seeking could require the review and potential production of hundreds of thousands of documents.

The breadth of discovery sought thus "weighs heavily in favor of the stay." *Thomas* v. *N.Y.C. Dep't of Educ.*, No. 09 Civ. 5167 (RLM) (SLT), 2010 WL 3709923, at *4 (E.D.N.Y. Sept. 14, 2010); *see also Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending motion to dismiss based on scope of discovery sought, expense of discovery, and potential burden to defendants).  Courts regularly find

6

that the burden of discovery weighs particularly heavily in favor of a stay during the pendency of a motion to compel arbitration because a predominant purpose of arbitration is to relieve the parties of that very burden. *See Oestreicher v. Equifax Info. Servs., LLC*, No. 23 Civ. 239 (NRM) (MMH), 2023 WL 3819378, at *2 (E.D.N.Y. June 5, 2023) (noting that even where discovery requests were not complex, discovery "would be a potential waste of resources particularly because [defendant] seeks to compel arbitration in lieu of litigation" (citation modified)); *Marsh & McLennan Agency*, 2023 WL 2242074, at *1–2 (concluding that "the burden of discovery on Defendants in this case weighs in favor of a stay" because arbitration "could significantly narrow the scope of discovery" even if not all claims were moved to arbitration); *Al Thani* v. *Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (burden of discovery weighs in favor of a stay where motion to compel arbitration is pending because arbitration "would be governed by substantially different discovery rules"); *see also Nat'l Broad. Co., Inc. v. Bear Stearns & Co., Inc.*, 165 F.3d 184, 191–92 (2d Cir. 1999) ("[t]he popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness," in contrast to "the broad-ranging discovery" available in litigation in the courts) (superseded by statute on other grounds).[3]  Indeed, "[r]equiring the parties to undergo full discovery without a clear decision regarding the motion to compel may erase the benefits of arbitration" such that it can constitute an effective denial of the right to arbitration and an appealable order under the FAA. *Sarah Car Care, Inc.*, 2023 WL 5378845, at *2. This factor weighs strongly in favor of granting a stay.

*Second*, while WWE would face significant prejudice if a stay is not granted, Plaintiffs

---

[3] Plaintiffs have no support for their contention at the conference that they would be entitled to equally broad discovery in an individual arbitration as in a federal court putative class action. The case law, the rules of the major arbitral fora, the well-recognized purpose of arbitration to streamline proceedings, and common sense, are all to the contrary.

would suffer no prejudice as a result of a stay.  During the conference, Plaintiffs' counsel could not articulate any specific prejudice Plaintiffs would suffer as a result of the stay.  That is because there is none.  At most, Plaintiffs argue that the pendency of the motion to compel may delay the substantive adjudication of their claims or that witnesses' memories may fade over time.  But "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."  *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018); *see also Mazzola*, 2026 WL 1045702, at *4 (explaining that the risks that witnesses' memories fade or relevant documents may be lost are "ordinary risk[s] of litigation" and do not weigh in favor of denying a motion to stay discovery).  Accordingly, courts regularly find that a brief stay of discovery while a court considers an early dispositive motion poses minimal, if any, prejudice to a plaintiff.  *See, e.g.*, *Dome Tech.*, 2017 WL 11577923, at *2 ("Staying the action would pose little prejudice to [plaintiff], since the Court intends to quickly resolve the pending motion to dismiss."); *Alloway*, 2026 WL 493952, at *3 (similar).[4]  This case is no different.

In contrast, WWE (and ESPN) faces substantial prejudice if discovery is allowed to move forward.  As discussed above, WWE would incur significant unnecessary costs associated with the discovery process that would irreparably undermine its right to arbitration of Plaintiffs' claims.

---

[4] *See also Elnenaey v. JP Morgan Chase Bank, N.A.*, No. 20 Civ. 5430 (DG) (LB), 2021 WL 7908626, at *1–2 (E.D.N.Y. Oct. 7, 2021) (finding stay would not prejudice plaintiff because case was at an "early stage" and would "avoid unnecessary discovery costs"); *Joglo Realities Inc. v. Dep't of Env't Conservation*, No. 16 Civ. 1666 (ARR) (CLP), 2016 WL 11480895, at *4–5 (E.D.N.Y. Oct. 17, 2016) (finding prejudice unlikely before initial disclosures had been served even given the risk of witnesses memory fading); *Contracto Ltd. v. Fast Search & Transfer Int'l, AS*, No. 12 Civ. 1930 (JS) (ARL), 2012 WL 12252587, at *2 (E.D.N.Y. July 12, 2012) (granting stay because there was no prejudice where "no party has served any initial disclosures or discovery demands"); *Cuartero*, 2006 WL 3190521, at *3 (stating that "the prejudice to plaintiff from a stay of discovery will be minimal").

Furthermore, if WWE substantively engages in litigation of these claims in federal court, it risks waiving its right to arbitrate under the FAA. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). As another court in this District found, given the possibility of such waiver, defendants like WWE "face[] substantial prejudice if the stay is not granted." *Dome Tech.*, 2017 WL 11577923, at *2; *see also JCJ Architecture, PC v. Larry Edmondson Assocs., Inc.*, No. 20 Civ. 1006 (RNC), 2021 WL 6841414, at *3 (D. Conn. Oct. 5, 2021) (considering amount of discovery conducted as a factor in support of a waiver); *Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Cap. Mkts. Corp.*, 996 F.2d 1478, 1480 (2d Cir. 1993) (noting a party waives right to arbitration by engaging in discovery procedures not available in arbitration). Even if this Court ordered that participating in discovery did not constitute a waiver, doing so would irreversibly deprive WWE of its right to the streamlined, individual arbitration proceedings required for Plaintiffs' claims and protected by the FAA.

*Third*, as long as the defendant has a "good faith basis for moving to compel arbitration," this factor considering the strength of the dispositive motion weighs in favor of a stay. *Alvarez*, 2021 WL 2349370, at *2; *see ITT Corp v. Travelers Cas. & Sur. Co.*, No. 12 Civ. 38 (RNC), 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) (granting motion to stay in part because defendant's dispositive motion "appears to have substantial grounds"); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15. 2007) (granting stay in part because defendant's dispositive motion "appears not to be unfounded in the law"). WWE and ESPN's motion to compel arbitration easily clears that low hurdle.

As set forth in the motion to compel pending before Judge Russell, Plaintiffs' claims are premised on their subscription to the ESPN DTC Service. ECF 62 at 1–2. As subscribers to that service, they unambiguously agreed to arbitrate all claims related to that service—just like those

9

asserted in the amended complaint. ECF 62 at 13–17. Moreover, Plaintiffs agreed that all questions of arbitrability are delegated to the arbitrator, rather than this Court. ECF 62 at 18–19. Even if the Court did not grant ESPN's motion to intervene and motion to compel, WWE is independently entitled to arbitration of Diesa and Toback's claims under the doctrine of equitable estoppel. ECF 62 at 20–24. The doctrine of equitable estoppel exists precisely to prevent the sort of gamesmanship that Plaintiffs have engaged in here by strategically omitting ESPN as a defendant to try to avoid their agreement to arbitrate and to waive their right to bring their claims in a class action. *See id.*; *see also* Compl. ¶ 15 & n.13 (highlighting Plaintiffs' decision to not name ESPN as a defendant).

Although the Court need not assess the merits of the motion to compel arbitration to stay discovery, this case presents a straightforward application of settled law in favor of arbitration, which should be granted for all the reasons set forth in the motion to compel arbitration. *See In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (stating that "where different courts are deciding the stay motion and the [underlying dispositive motion], it is a waste of judicial resources for the court deciding the stay motion to consider the strength of the dispositive motion as a factor in determining the stay motion, because it represents an unnecessary and unjustified duplication of efforts").

Accordingly, even if this Court applied the three-factor test, analysis of each factor demonstrates that good cause exists for staying discovery pending final resolution of the motion to compel arbitration.

## CONCLUSION

For the foregoing reasons, the Court should grant WWE's motion to stay discovery pending final resolution of the motion to compel arbitration.

Dated:  April 28, 2026

Respectfully submitted,

*/s/ Daniel S. Noble*
KKL LLP
Daniel S. Noble (ct31089)
Benjamin W. Perotin (phv209336)
350 Fifth Avenue
New York, NY 10118
Telephone: (212) 390-9555
Daniel.Noble@KKLllp.com
Ben.Perotin@KKLllp.com

*Attorneys for Defendant World*
*Wrestling Entertainment, LLC*

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Daniel S. Noble*
Daniel S. Noble

*Attorney for Defendant World Wrestling Entertainment, LLC*

12