KKL

KKL LLP
350 Fifth Avenue, 77th Floor
New York, NY 10118
+1 212 390 9550
www.KKLllp.com

Daniel S. Noble
+1 212 390 9555
Daniel.Noble@KKLllp.com

August 21, 2026

By ECF
The Honorable Thomas O. Farrish
U.S. District Court for the District of Connecticut
450 Main Street, Suite 262
Hartford, CT 06103

***Re: Diesa v. World Wrestling Entertainment, LLC*, 26 Civ. 39(SFR)(TOF)**

Dear Judge Farrish:

We write on behalf of defendant World Wrestling Entertainment, LLC ("WWE"). At oral argument on August 20, 2026, the Court asked if we were aware of any decisions by Judge Russell analyzing the strength of a dispositive motion when applying the traditional three-factor test for assessing a motion to stay discovery. Although we have been unable to locate any decisions by Judge Russell applying this factor in the context of a motion to compel arbitration, we have located a decision by Judge Russell in the context of motion to stay discovery pending resolution of a motion to dismiss. In *King v. Raimondo*, 25 Civ. 1324(SFR) (D. Conn. Jan. 28, 2026) (ECF 40), Judge Russell granted the defendant's motion to stay discovery pending resolution of a motion to dismiss. With respect to the strength of the dispositive motion, Judge Russell found:

> The first factor, the strength of Defendant's motion to dismiss, counsels in favor of a stay. Without purporting to predict the outcome of Defendant's Motion to Dismiss, the court finds that *Defendant has presented sufficiently substantial arguments for dismissal* to weigh in favor of a stay while the court considers the submission in full.

*Id.* (emphasis added). For the reasons set forth in WWE's brief in support of its motion to stay discovery, the pending motion to compel arbitration likewise "present[s] sufficiently substantial arguments" to compel arbitration and, therefore, this factor weighs in favor of a stay.

Respectfully submitted,
KKL LLP

By: /s/Daniel S. Noble
Daniel S. Noble

cc: All Counsel of Record (via ECF)