**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC, et al.,<br><br>Defendants. | Civil No. 3:26-cv-00039-SFR<br><br>September 22, 2026 |

**RULING AND ORDER ON MOTION TO STAY DISCOVERY (Doc. No. 66)**

The Defendant, World Wrestling Entertainment, LLC ("WWE"), has moved the Court for an order staying discovery until its pending motion to compel arbitration is resolved. (Doc. No. 66.) For the reasons set forth below, the motion will be granted.

**1. Background**

WWE is an entertainment company that presents professional wrestling bouts on television. (Am. Compl., Doc. No. 18, ¶¶ 20-21.) In August of 2025, it announced that it would be changing television streaming services from Peacock to ESPN. (*Id.* ¶ 1.) Some wrestling fans who had previously subscribed to ESPN's streaming service, including the plaintiffs Michael Diesa and Rebecca Toback, felt misled by WWE's and ESPN's public statements about what the programming would cost after the transition. (*See id.* ¶ 8.) On behalf of themselves and others similarly situated, Mr. Diesa and Ms. Toback ("Plaintiffs") sued WWE, alleging among other things that the company's public statements violated the Connecticut Unfair Trade Practices Act, or "CUTPA." (*Id.* ¶¶ 71-76.)

When television viewers subscribe to ESPN's streaming service, ESPN presents them with a "Disney+, ESPN, and Hulu Subscriber Agreement." (*See id.* ¶ 15 n.13.) That agreement "include[s] an arbitration provision and a class-action waiver." (*Id.*) Although WWE is not named as a party in that agreement, it claims that it may enforce the arbitration clause against the Plaintiffs under principles of equitable estoppel. (Mem. of L. in Supp. of Mot. to Compel Arbitration, Doc. No. 62-1, at 20-24.) It therefore moved to compel arbitration of the Plaintiffs' claims. (Mot. to Compel Arbitration, Doc. No. 62.)

The Plaintiffs' case has been assigned to the Honorable Sarah F. Russell, United States District Judge. Judge Russell referred certain other motions and scheduling matters to the undersigned Magistrate Judge. (Doc. Nos. 54, 59, 60.) During a teleconference on one of those motions, WWE orally moved to stay discovery during the pendency of its motion to compel arbitration. (Doc. No. 66; *see also* Tr. of Hr'g, Doc. No. 71, at 31:21-24.)

Afterward, WWE submitted a brief in support (Mem. of L. in Supp. of Mot. to Stay Discovery, Doc. No. 76), and the Plaintiffs submitted a brief in opposition. (Mem. of P. & A. in Opp'n to Mot. to Stay, Doc. No. 75 ("Pls.' Mem.").) The Plaintiffs then filed a Notice of Supplemental Authority (Notice of Suppl. Auth. in Opp'n to Mot. to Stay, Doc. No. 79 ("Pls.' Suppl. Mem.")), and WWE filed a response. (Reply to Notice of Suppl. Auth., Doc. No. 80-1.) The Court heard oral argument (Tr. of Hr'g, Doc. No. 86, at 30-43), and the motion is ripe for decision.

**2. Discussion**

"A request for a stay of discovery is treated as a request for a protective order under Rule 26(c)." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-cv-1765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018). That rule authorizes district courts, "for good cause," to "issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The person seeking the stay bears the burden of establishing good cause for staying discovery." *Wiremold Co. v. Thomas & Betts Co.*, No. 3:16-cv-2133 (VLB), 2017 WL 11535872, at *1 (D. Conn. May 4, 2017) (citing *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012)). Provided that the movant demonstrates good cause, "'[a] district court has considerable discretion to stay discovery' pursuant to Rule 26(c)." *Country Club of Fairfield, Inc. v. New Hampshire Ins. Co.*, No. 3:13-cv-509 (VLB), 2014 WL 3895923, at *2 (D. Conn. Aug. 8, 2014) (quoting *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).

Courts do not typically stay discovery just because a party has filed a dispositive motion. *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-cv-593 (KAD), 2020 WL 5411484, at *1 (D. Conn. Sep. 9, 2020) ("Generally, it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss."). It is well established that "[t]he filing of a dispositive motion in and of itself does not halt discovery obligations," and "a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." *Ruocchio v. Panera LLC*, No. 2:20-cv-2564 (DG) (JMW), 2023 WL 2403627, at *2 (E.D.N.Y. Mar. 8, 2023). Put differently, "[w]hile discovery may in a proper case be stayed pending the outcome" of such a motion, "the issuance of a stay is by no means automatic." *Stanley Works*, 2018 WL 1960112, at *2 (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)).

When a motion to stay discovery is premised on a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts typically apply a three-factor test. *E.g.*, *Commc'ns Gateway Co., Ltd. v. Gartner, Inc.*, No. 3:20-cv-700 (VAB), 2021 WL 1222198, at *5 (D. Conn. Mar. 31,

2021). The first of the three factors is "[w]hether the defendant has made a strong showing that the plaintiff's claim is unmeritorious." *Id.* (quoting *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010)). The second is "[t]he breadth of discovery and the burden of responding to it," and the third is "[t]he risk of unfair prejudice to the party opposing the stay." *Id.* (quoting *Morien*, 270 F.R.D. at 67).

When a motion to stay is premised on a motion to compel arbitration, however, courts in the Second Circuit typically apply a different standard. In such cases, permitting discovery might "defeat the purpose of the motion," and "good cause" may therefore "require a stay." *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-cv-1607 (VAB), 2017 WL 11577923, at *1 (D. Conn. July 24, 2017) (citing *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987)). "Motivated by this . . . concern, courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above." *Id.*; *see also Alvarez v. Experian Info. Sols.*, No. 2:19-cv-3343 (JS) (JMW), 2021 WL 2349370, at *1 (E.D.N.Y. June 7, 2021) ("Courts differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss," and in the former situation, "courts in this Circuit have stayed without even considering the three-factor test."); *Alloway v. Bowlero Corp.*, No. 2:24-cv-4738 (SJB) (JMW), 2026 WL 493952, at *2 (E.D.N.Y. Feb. 23, 2026); *cf. Grant v. World Wrestling Ent., LLC*, No. 3:24-cv-90 (SFR), slip op. (D. Conn. May 7, 2025) (granting motion to stay discovery pending decision on a motion to compel arbitration, and citing *Dome Technology*). In contrast to a stay pending a motion under Rule 12(b)(6), "[a] stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Alvarez*, 2021 WL 2349370, at *2.

The Plaintiffs ask the Court to apply the three-factor test that customarily applies in the Rule 12(b)(6) context (*see* Pls.' Mem. at 6-13), but the authorities they cite are all distinguishable. For example, they cite *Kwik Ticket Inc. by Shamah v. Spiewak* (*id.* at 6), but the movants in that case sought a preliminary injunction, and accordingly the court applied the test for relief under Rule 65; it did not apply the three-factor test used in cases like *Communications Gateway. Kwik Ticket*, No. 20-cv-1201 (FB) (SJB), 2020 WL 5658723, at *1 (E.D.N.Y. Sep. 23, 2020). And unlike WWE, some of the defendants in *Kwik Ticket* evidently conceded that they had no rights under the relevant arbitration clause. *Id.* ("[E]ven if *some* Defendants might successfully compel arbitration of *some* claims, not all Defendants would be sent to arbitration."). The Plaintiffs next cite *Golightly v. Uber Technologies, Inc.* (Pls.' Mem. at 6), but the plaintiff in that case sought "narrow" discovery that would "not intrude into the substantive matters that would be subject to arbitration if the Court were to dismiss or stay the federal action in favor of arbitration," which is not the case here. *Golightly*, No. 21-cv-3005 (LJL), 2021 WL 3539146, at *4 (S.D.N.Y. Aug. 8, 2011); (*see also* Pls.' Mem. at 9-10 n.8) (listing nineteen broad categories of information that Plaintiffs would seek to discover). Finally,[1] the Plaintiffs cite *Siegel v. Milstein* (Pls.' Mem. at 6-

[1] The Plaintiffs cite other cases from outside the Second Circuit. (Pls.' Mem. at 6.) The Court has read and carefully considered those cases, but it deems it unnecessary to address them in detail here, considering the volume of in-Circuit authority on this point. *Cf. Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98-Civ.-9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (indicating that, even as far back as 2001, staying discovery during the pendency of a motion to compel arbitration was a "general practice of district courts" in this Circuit).

The Plaintiffs also argue in a footnote that "cases . . . stating that the mere filing of a motion to compel arbitration can, in some circumstances, justify a stay . . . likely no longer remain good law after the U.S. Supreme Court's 2022 decision in *Morgan v. Sundance, Inc.*" (Pls.' Mem. at 6 n.4.) In *Morgan*, the U.S. Supreme Court observed that the Federal Arbitration Act's "'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." 596 U.S. 411, 418 (2022). The Plaintiffs evidently interpret this holding as barring the "general practice" that Judge Haight observed over twenty-five years ago, but they do not identify a court that has agreed with them. (Pls.' Mem. at 6 n.4.) Indeed, *Alloway* and *Grant* both post-date *Morgan.* In any event, the Plaintiffs' argument is too cursory to merit detailed

7), but in that case, the court denied the defendants' motion to compel arbitration at the same time it overruled an objection to a Magistrate Judge's order denying a discovery stay. *Siegel*, No. 21-cv-4032 (JS) (SIL), 2021 WL 5052748, at *4 (E.D.N.Y. Nov. 1, 2021). The Magistrate Judge's order was "neither clearly erroneous nor contrary to law" *because* the District Judge "den[ied] the motion to compel arbitration," *id.*, but in this case, WWE's motion to compel remains *sub judice.* In short, the Plaintiffs fail to persuade the Court that it should apply a different standard than the one used in *Dome Technology*, *Alvarez*, and *Alloway,* or by Judge Russell in *Grant.* The question, then, is whether the Plaintiffs have come forward with "compelling reasons to deny" a stay. *Alvarez*, 2021 WL 2349370, at *2.

The Court concludes that they have not. The Plaintiffs argue that "delay risks the loss of critical testimonial evidence" and ESI (Pls.' Mem., at 11-12), but this risk is present in every case, and in any event it is "well-settled that delay 'cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.'" *Mazzola v. Anthem Health Plans*, No. 3:25-cv-1433 (OAW) (RAR), 2026 WL 1045702, at *4 (D. Conn. Apr. 17, 2026) (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-Civ.-8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018)). WWE has confirmed that document preservation notices are in place (Tr. of Hr'g, Doc. No. 86, at 35:14-36:15), and there is no reason to suppose that potential deposition witnesses' memories are any likelier to fade in this case than in any other, particularly given that the transaction at issue is scarcely a year old. The Plaintiffs also argue that "a stay would reward dilatory tactics," asserting that "WWE . . . delayed its response to the" amended complaint. (Pls.' Mem. at 12.) But WWE merely moved for a routine extension on its response deadline, and the Plaintiffs consented to that

---

consideration. *Diesa v. World Wrestling Ent., LLC*, No. 3:26-cv-39 (SFR) (TOF), 2026 WL 2805134, at *6 n.4 (D. Conn. Sep. 18, 2026) (explaining that arguments made in footnotes may be deemed waived if they are "too cursory").

motion. (Mot. for Extension of Time, Doc. No. 21.) They cite no authority for the proposition that, in asking for a routine extension of time, a defendant creates "compelling reasons to deny" a motion to stay discovery.

The Plaintiffs contend that WWE will be subjected to "broad" discovery even if it succeeds on its motion to compel, and they argue that this counsels against a stay. (Pls.' Mem. at 13-14.) They note that one edition of the ESPN Subscriber Agreement calls for an arbitration administered under the auspices of ADR Services, Inc. ("ADRSI"), and they read ADRSI's rules as endowing them with "the right to obtain discovery . . . as if the subject matter of the arbitration were pending before a superior court of California." (*Id.* at 2, 13.) Noting that "the scope of discovery is 'broad'" in California, they assert that "engaging in discovery now would impose no prejudice or unnecessary hardship on WWE" because it will have to submit to generally the same discovery in arbitration as it would in this Court. (*Id.* at 2, 13-14.) But the Plaintiffs concede that, under ADRSI's rules, they cannot take any of the ten to fifteen depositions they seek without first obtaining the arbitrator's permission (*id.* at 13-14 (citing ADRSI Rule 22)); (*see also* Rule 26(f) Report, Doc. No. 29, at 12 (stating that "Plaintiffs anticipate they will require a total of at least 10-15 depositions of fact witnesses")), and although they profess optimism about their chances of obtaining that permission, the chance that they will not creates a meaningful difference between the two forums. And the Plaintiffs' argument does not account for the fact that, if WWE succeeds in its motion to compel arbitration, it may be arbitrating only with the two Plaintiffs as individuals and not with the class they seek to represent. (*See* Disney+, ESPN, and Hulu Subscriber Agreement, Ex. A to Decl. of M. Bezerman, Doc. No. 62-3, at 15 ("You and we agree not to, and expressly waive any right to, file a class action or seek relief on a class basis.").) In summary, the Plaintiffs have not identified a "compelling reason" to deny WWE its requested stay.

The Court pauses to note that it would have granted WWE's motion even if the three-factor test applied. Courts have held that the first factor in that test is satisfied "when the dispositive motion articulates 'substantial grounds' for dismissal or 'do[es] not appear to be without foundation in the law.'" *Conservation L. Found., Inc. v. Shell Oil Co.*, No. 3:21-cv-933 (JAM) (TOF), 2023 WL 4706815, at *3 (D. Conn. July 24, 2023).[2] Without attempting to predict, let alone control, the outcome of WWE's motion to compel arbitration, the motion does appear to be "sufficiently substantial" so that this factor weighs in favor of a stay. (*See* Mem. in Supp. of Mot. to Compel Arbitration, Doc. No. 62-1, at 20 (citing *Ragone v. Atl. Video at the Manhattan Ctr.*, 595 F.3d 115, 126-27 (2d Cir. 2010), for the proposition that, "[u]nder principles of estoppel, claims against a non-signatory to an arbitration agreement, like WWE, may be compelled to arbitration where . . . the issues the nonsignatory [*sic*] is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed" (internal quotation marks omitted)).) The second factor is likewise satisfied here, because the discovery that the Plaintiffs seek is extremely broad. (*See* Pls.' Mem., at 9-10 n.8 (listing nineteen broad categories of discovery, including "[t]he nature of the relationship between WWE and ESPN," "[t]he launch of ESPN's DTC service," and the "[p]urpose(s) of, scheduling, interest in, viewership, and financial effects of" WWE's premium television events).) And the third factor is also satisfied, because the

[2] As the *Conservation Law* opinion notes, "[t]he district courts in this Circuit are not uniform in their analysis" of this factor. *Id.* (quoting *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-784 (KAD), 2020 WL 7232551, at *3 n.2 (D. Conn. Nov. 12, 2020)). Some courts have declined to adopt the "without foundation in law" formulation. *Metzner*, 2020 WL 7232551, at *3 n.2 (citing *Hong Leong*, 297 F.R.D. at 72). Because the district court has broad discretion in deciding whether to issue a protective order, the undersigned is "not strictly bound by either formulation." *Id.* If the three-factor test had applied in this instance, however, it would be relevant that the motion to stay is before this Magistrate Judge on referral from Judge Russell. And Judge Russell has applied a "sufficiently substantial" formulation on at least two occasions. *King v. Raimondo*, No. 3:25-cv-1324 (SFR), slip op. (D. Conn. Jan. 28, 2026); *Phillips v. State of Conn. Dep't of Soc. Servs.*, No. 3:25-cv-1423 (SFR), slip op. (D. Conn. Jan. 22, 2026).

Plaintiffs' principal claim of prejudice—the possibility that evidence might be lost through delay (Pls.' Mem. at 11-12)—is not especially compelling. As noted above, the transaction at issue is barely a year old, and WWE has confirmed that it has litigation holds in place.

The Court was concerned to read, in the Plaintiffs' supplemental brief, that WWE had been sanctioned for evidence spoliation in other cases. (*See generally* Pls.' Suppl. Mem.) But in this case, the appropriate way to address that concern is to remind WWE of the severe consequences that can be imposed if relevant evidence is lost or destroyed after the duty of preservation attaches. *See* Fed. R. Civ. P. 37(e). To force WWE to undergo the broad and burdensome discovery that the Plaintiffs seek on behalf of themselves and their proposed class, when WWE evidently has a non-frivolous argument that those claims should be addressed in an arbitral forum on an individual basis and under potentially restrictive discovery procedures, would be a disproportionate response. While the Court understands the Plaintiffs' concern, it is insufficient to deny a stay.

**3. Conclusion**

The Court has carefully considered all the arguments made and authorities cited by the Plaintiffs, even if not expressly addressed herein. For the foregoing reasons, the motion of the Defendant, World Wrestling Entertainment, LLC, to stay discovery during the pendency of its motion to compel arbitration is **GRANTED.** All discovery in this case is ordered stayed until Judge Russell resolves the motion to compel at Docket No. 62.

This is not a recommended ruling. It is a ruling by a Magistrate Judge on "nondispositive motions . . . relating to discovery," D. Conn. L. Civ. R. 72.1(C)(2), and as such it is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2(b); *Armory5, Inc. v. Logan*, No. 6:24-cv-6568 (MAV) (CDH), 2025 WL 3290679, at *2 n.3 (W.D.N.Y. Nov. 26, 2025) ("Decisions to stay

discovery are non-dispositive" for purposes of 28 U.S.C. § 636); *Palladino v. JPMorgan Chase & Co.*, 730 F. Supp. 3d 4, 9 (E.D.N.Y. 2024) (reviewing a Magistrate Judge's order staying discovery during the pendency of a motion to compel arbitration under the "clearly erroneous or contrary to law" standard). It is an order of the Court unless reversed or modified upon timely objection under Local Rule 72.2(a).

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge