**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MICHAEL DIESA and REBECCA TOBACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD WRESTLING ENTERTAINMENT, LLC,<br><br>Defendant. | Civil Action No.: 3:26-cv-00039-SFR<br><br>Jury Trial Demanded |

**PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S**
**OBJECTIONS TO RULING AND ORDER ON MOTIONS TO INTERVENE**


Michael H. Sampson
Nicholas A. Colella
(admitted *pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
mike@lcllp.com
nickc@lcllp.com

Joseph P Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com

Erin Green Comite
Anja Rusi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
ecomite@scott-scott.net
arusi@scott-scott.com

*Counsel for Plaintiffs and Putative Class*


October 2, 2026

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ..... ii

I. BACKGROUND ..... 2

II. LEGAL STANDARD ..... 4

A. Standard of Review ..... 4

B. Intervention ..... 5

III. ANALYSIS ..... 5

A. Rule 24(b) ..... 5

1. No interest in the action ..... 6

a. The LLC ..... 7

b. BAMTech ..... 14

2. Adequate Representation ..... 15

B. Rule 24(c) ..... 17

IV. CONCLUSION ..... 21

# TABLE OF AUTHORITIES

## Cases

*In re OpenAI, Inc., Copyright Infringement Litig.*,
Nos. 25-md-3143 (SHS) (OTW), 23-CV-11195,
2025 WL 1726973 (S.D.N.Y. June 20, 2025) .......... 18, 20

*105 Mt. Kisko Assocs. LLC v. Carozza*,
No. 15 Civ. 5346 (NSR), 2017 WL 1194700 (S.D.N.Y. Mar. 30, 2017) .......... 10

*Alvarado v. Sweetgreen, Inc.*,
712 F. Supp. 3d 393 (S.D.N.Y. 2024) .......... 1

*American Neighborhood Mortgage Acceptance Company, LLC v. CrossCountry Mortgage, Inc.*,
No. 20-00974 (SDW)(LDW), 2022 WL 16922179 (D.N.J. Nov. 10, 2022) (unpub.) .......... 14-15

*Andrade v. Station Casinos LLC*,
No. 20-cv-06495-EMC, 2021 WL 4441990 (N.D. Cal. Mar. 22, 2021) .......... 13

*Animal Legal Defense Fund v. Otter*,
300 F.R.D. 461 (D. Idaho 2014) .......... 16

*Attitude Wellness LLC v. Village of Pinckney*,
No. 21-cv-12021, 2021 WL 5370484 (E.D. Mich. Nov. 18, 2021) .......... 20

*Brody by and through Sugzdinis v. Spang*,
957 F.2d 1108 (3d Cir. 1992) .......... 5

*Burton v. United States*,
No. 1:21-CV-17 (LAG), 2024 WL 6904332 (M.D. Ga. Mar. 29, 2024) .......... 13

*Cardinale v. Quorn Foods, Inc.*,
No. 3:09-CV-1660 (JCH), 2010 WL 1332551 (D. Conn. Mar. 31, 2010) .......... 1

*Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l*,
2 F.3d 24 (2d Cir. 1993) .......... 6

*Center for Biological Diversity v. Jewell*,
No. CV-15-00019-TUC-JGZ, 2015 WL 13037049 (D. Ariz. May 12, 2015) .......... 20

*Chen-Oster v. Goldman, Sachs & Co.*,
No. 10-CV-669050 (AT) (JCF), 2016 WL 11645644 (S.D.N.Y. June 6, 2016) .......... 4

*Citadel Recovery Servs., LLC v. T.J. Sutton Enters., LLC*,
No. 19-12271, 2021 WL 5505533 (E.D. La. Mar. 15, 2021) .......... 11

*City of Stillwell, Ok. v. Ozarks Rural Elec. Co-Op. Corp.*,
79 F.3d 1038 (10th Cir. 1996) ..................... 16

*Dewberry Group, Inc. v. Dewberry Eng'rs Inc.*,
604 U.S. 321 (2025) ..................... 6

*DOH Oil Co. v. QEP Res.*,
No. MO:18-CV-0152-DC-RCG, 2019 WL 3816290 (W.D. Tex. May 20, 2019) ............. 18, 19

*EGT, LLC v. Port of Longview*,
No. 11-cv-05036-RBL, 2011 WL 2792442 (W.D. Wash. July 18, 2011) ..................... 15

*Father Flanagan's Boys Home v. Donlon*,
449 F. Supp. 3d 739 (S.D. Ohio 2020) ..................... 1

*Floyd v. City of New York*,
770 F.3d 1051 (2d Cir. 2014) ..................... 5

*Global Auto, Inc. v. Hitrinov,*
No. 14-CV-256 (PKC) (RER), 2021 WL 1220712 (E.D.N.Y. March 31, 2021) ..................... 4

*Great N. & S. Navigation Co. LLC French Am. Line v. Certain Underwriters at Lloyd's London*,
No. CV 18-04665, 2018 WL 10759183 (E.D. La. Oct. 25, 2018) ..................... 11

*Hogan v. SPAR Group, Inc.*,
914 F.3d 34 (1st Cir. 2019) ..................... 10

*In re Automotive Parts Antitrust Litig.*,
951 F.3d 377 (6th Cir. 2020) ..................... 9

*In re Noram Res., Inc.*,
No. 08-38222, 2012 WL 2467045 (S.D. Tex. June 27, 2012) ..................... 1

*In re Teva Secs. Litig.*,
No. 3:17-cv-558 (SRU), 2020 WL 12045998 (D. Conn. Oct. 10, 2020) ..................... 5

*Lines v. Hartford Fin. Group, Inc.*,
No. 3:21-CV-00029 (KAD), 2022 WL 408820 (D. Conn. Feb. 10, 2022) ..................... 6

*Mangano v. Testa*,
No. CV970140517S, 2000 WL 1682428 (Conn. Super. Ct. Oct. 12, 2000) (unpub.) ..................... 11

*Mazzella v. Lathouris*,
No. CV90 0109337 S, 1991 WL 146543 (Conn. Super. Ct. July 26, 1991) ..................... 12

*Medina v. Fischer*,
No. 11 Civ. 01756 (LAP) (JLC), 2013 WL 1294621 (S.D.N.Y. 2013) ..................... 4

*Metzler v. Bennett*,
No. 97-CV-0148 (RSP/GJD), 1998 WL 187454 (N.D.N.Y. Apr. 15, 1998) .............................. 6

*New Cingular Wireless PCS, LLC v. Kootenai Cty.*,
No. 2:23-cv-00124-AKB, 2023 WL 7283153 (D. Idaho Nov. 2, 2023) .................................. 16

*New York v. National Sci. Found.*,
No. 25-Civ-4452 (JPC), 2025 WL 1793858 (S.D.N.Y. June 30, 2025).............................. 17, 20

*Ocwen Loan Servicing, LLC v. Corpolo Ave. Trust*,
No. 2:16-cv-02653-APG-NJK, 2022 WL 18108425 (D. Nev. Nov. 9, 2022) .........................5-6

*Porter v. T.D. Bank, N.A.*,
No. 10-7243, 2011 WL 925734 (E.D. Pa. Mar. 14, 2011) .................................................17-18

*Probatter Sports, LLC v. Sports Tutor, Inc.*,
No. 3:05-cv-01975-VLB, 2015 WL 4390055 (D. Conn. July 15, 2015) ................................. 19

*Providence Baptist Church v. Hillandale Comm., Ltd.*,
425 F.3d 309 (6th Cir. 2005) ........................................................................................ 20

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
467 F.3d 238 (2d Cir. 2006) ......................................................................................... 17

*Robbins Music Corp. v. Alamo Music, Inc.*,
119 F. Supp. 29 (S.D.N.Y. 1954) ................................................................................... 13

*Securities & Exch. Comm'n v. American Pension Servs., Inc.*,
No. 2:14-cv-00309-RJS-DBP, 2015 WL 136322 (D. Utah Jan. 9, 2015) ................................ 18

*Simpler Solar Sys., Inc. v. Renitta Knight Constr., LLC*,
No. 4:12cv468-WS/CAS, 2013 WL 318072 (N.D. Fla. Jan. 4, 2013) ..................................... 11

*Standard Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) ...................................................................................................... 1

*Street Partners, Ltd. v. Lawrence Street Venturers*,
786 P.2d 508 (Colo. Ct. App. 1989)................................................................................ 12

*Sturman v. Socha*,
463 A.2d 527 (Conn. 1983) .............................................................................................. 8

*TransAtlantic Lines LLC v. United States*,
No. 3:06-CV-354 (JCH), 2007 WL 735705 (D. Conn. Mar. 5, 2007) ..................................9-10

*U.S. Indus., Inc. v. Touche Ross. & Co.*,
854 F.2d 1223 (10th Cir. 1988) ..................................................................................... 12

*United States v. California*,
No. 2:18-cv-0490-JAM-KJN, 2018 WL 2563641 (E.D. Cal. June 4, 2018).............................. 16

*United States v. L&M 93rd St. LLC*,
No. 10 Civ. 7495(RMB), 2011 WL 1346994 (S.D.N.Y. Apr. 5, 2011)...............................20-21

*Walker Distrib. Co. v. Lucky Lager Brewing Co.*,
323 F.2d 1 (9th Cir. 1963)........................................................................................... 1

*White v. Smith*,
91 F.R.D. 607 (W.D.N.Y. 1981)................................................................................ 19

**<u>Statute</u>**

28 U.S.C. § 636........................................................................................................... 4

**<u>Rules</u>**

D. Conn. L. Civ. R. 72.2(a)...................................................................................... 2, 4

Fed. R. Civ. P. 7........................................................................................................ 20

Fed. R. Civ. P. 24................................................................................................*passim*

**<u>Other Authorities</u>**

6 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 24.20 (3d ed. 2010)............................ 19

16 Am. Jur. 2d Conspiracy § 66 .................................................................................... 1

"A ***plaintiff*** is the master of his [or her] complaint and ***can choose which party to sue***." *Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 748 (S.D. Ohio 2020) (emphasis added) (citation omitted).[1] As such, a plaintiff, for example, "need ***not*** sue all conspirators; he [or she] may choose to sue but one." *Walker Distrib. Co. v. Lucky Lager Brewing Co.*, 323 F.2d 1, 8 (9th Cir. 1963) (emphasis added). *See also*, *e.g.*, *In re Noram Res., Inc.*, No. 08-38222, 2012 WL 2467045, at *10 (S.D. Tex. June 27, 2012) ("Because co-conspirators are jointly and severally liable, a plaintiff may choose to sue only one co-conspirator for an alleged conspiracy.") (citing 16 Am. Jur. 2d Conspiracy § 66).

In this case, Plaintiffs, ***as is their right***, chose to sue – and to ***only*** sue – one party: Defendant World Wrestling Entertainment, LLC ("WWE"). In doing so, they could not have been any clearer: "For the avoidance of any doubt, ***the following entities are not parties to this action: ESPN***; [or] its parent company, The Walt Disney Company (or any subsidiaries …)." Amended Class Action Complaint (Jan. 20, 2026) [Doc. 18] ("ACAC") at ¶ 15 (emphasis added). *See also* Plaintiffs' and Defendant's Joint Rule 26(f) Report (Mar. 25, 2026) [Doc. 29] ("Rule 26(f) Report") at 4 ("To be sure, Plaintiffs assert no claims against ESPN.").

Nevertheless, two-ESPN related entities filed motions to intervene in this matter. First, ESPN, LLC (the "LLC") filed its motion. *See* Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34] (the "LLC's MTI"). Second, BAMTech, LLC ("BAMTech"), "a wholly owned subsidiary" of the LLC,[2] filed another motion. *See* Motion to Intervene and Incorporated

---

[1] *See also*, *e.g.*, *Alvarado v. Sweetgreen, Inc.*, 712 F. Supp. 3d 393, 408 (S.D.N.Y. 2024) ("It is axiomatic that plaintiffs 'are the masters of their complaints.'") (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)); *Cardinale v. Quorn Foods, Inc.*, No. 3:09-CV-1660 (JCH), 2010 WL 1332551, at *3 (D. Conn. Mar. 31, 2010) ("It is well settled that the 'plaintiff is the master of the complaint.'").

[2] BAMTech, LLC's Corporate Disclosure Statement (Apr. 3, 2026) [Doc. 48] at 1.

Memorandum of Law by BAMTech, LLC (Apr. 3, 2026) [Doc. 49] ("BAMTech's MTI").[3]

Plaintiffs Michael Diesa and Rebecca Toback opposed both motions. *See*, *e.g.,* Plaintiff Michael Diesa and Rebecca Toback's Memorandum of Points and Authorities in Opposition to (i) Motion to Intervene by ESPN, LLC and (2) Motion to Intervene and Incorporated Memorandum of Law of BAMTech, LLC (May 1, 2026) [Doc. 77] ("Plaintiffs' Opposition").[4]

Ultimately, U.S. Magistrate Judge Thomas A. Farrish issued his Ruling and Order on Motions to Intervene (Sept. 18, 2026) [Doc. 87] (the "Ruling"). Although he correctly concluded that intervention was ***not*** warranted pursuant to Federal Rule of Civil Procedure ("Rule") 24(a), *see*, *e.g.*, Ruling at 2 (stating that "the Court concludes that ESPN is not entitled to intervene as a matter of right"), Judge Farrish believed that the "arguments for permissive intervention under Rule 24(b) are compelling," *id.,* and, therefore, granted both of ESPN's MTIs, *see id.* In the Ruling, he also expressed his belief that the two ESPN-related entities' failure to comply with Rule 24(c) did not warrant denial of those motions. *See*, *e.g.*, *id.* at 25-28.

Plaintiffs disagree with and object to the Ruling as it pertains to Rules 24(b) and 24(c). Accordingly, pursuant to D. Conn. L. Civ. R. 72.2(a), they now file the instant objections and request that the Court sustain them and deny ESPN's MTIs.

## I. BACKGROUND

On January 8, 2026, Plaintiffs filed their original Class Action Complaint (Jan. 8, 2026) [Doc. 1]. After this Court ordered Plaintiffs to file an amended complaint clarifying the Plaintiffs' and Defendant's citizenship, *see* Order (Jan. 13, 2026) [Doc. 10], Plaintiffs filed the

---

3 Together, the LLC's MTI and BAMTech's MTI are referred to herein as "ESPN's MTIs."

4 Plaintiffs incorporate this Opposition by reference as though fully set forth herein.

ACAC on January 20, 2026. Therein, they assert three claims against WWE: (i) Violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count I), (ii) Conspiracy to Violate CUTPA (Count II), and (iii) Aiding and Abetting Violation of CUTPA (Count III).

These claims all arise out of a deal between WWE and "ESPN": "In early August 2025, WWE entered into a 'megadeal' with ESPN …. According to media reports, the agreement between WWE and ESPN 'is for five years, at an average of $325 million per year.'" ACAC at ¶ 28 (footnote omitted). As part of this well publicized "megadeal," WWE agreed to "mov[e] all of its 'Premium Live Events' ('PLEs') … to ESPN, making ESPN and its new [direct-to-consumer ("DTC") service] 'the exclusive U.S. domestic home of all WWE PLEs' for five years at least." *Id.* at ¶ 1 (footnotes omitted). In connection with this deal, move, and the launch of the new service, WWE, Plaintiffs allege, "intentionally, willfully, knowingly, and/or recklessly engaged in unfair method of competition and/or deceptive acts and/or practices," as well as other wrongful acts. *Id.* at ¶ 10. "As a result," they further allege, "thousands of individuals … were made to pay an unlawful fee … and suffered a substantial and ascertainable economic injury …." *Id.* at ¶ 11.

***WWE*** was the ***only defendant*** named in the ACAC (and, for that matter, in Plaintiffs' original complaint). Plaintiffs explicitly stated in the ACAC: "For the avoidance of any doubt, ***the following entities are not parties to this action: ESPN***; its parent company, The Walt Disney Company (or any subsidiaries (collectively, 'Disney')), or Hulu, LLC ('Hulu')." *Id.* at ¶ 15 (emphasis added) (footnote omitted). Again, to be certain, ***Plaintiffs have asserted no claims against, and seek no relief from, the LLC, BAMTech, or any other ESPN-related entity***.

Nevertheless, on March 27, 2026, the LLC filed its intervention motion. Thereafter, BAMTech filed its intervention motion on April 3, 2026. Plaintiffs, in turn, filed their

Opposition on May 1, 2026. Ultimately, on September 18, 2026, Judge Farrish issued the Ruling, granting ESPN's MTIs and directing "the Clerk of Court … to add ESPN, LLC and BAMTech, LLC to the docket as defendants." Ruling at 28. At the end of the Ruling, Judge Farrish wrote:

> This is not a recommended ruling subject to *de novo* review by the District Judge under 28 U.S.C. § 636(b)(1)(B). Rather, it is a final "determin[ation]" of a "pretrial matter" referred by the District Judge to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). If the Plaintiffs nevertheless wish to seek review by the District Judge, their written objection must be filed with the Clerk of the Court by October 2, 2026. *See* D. Conn. L. Civ. R. 72.2(a).

*Id.* at 28-29 (citations omitted). Plaintiffs now timely file these written objections.

## II. <u>LEGAL STANDARD</u>

### A. <u>Standard of Review</u>

A ruling on a motion for permissive intervention by a federal magistrate judge is most likely subject to review to determine if it is "clearly erroneous or contrary to law." *Chen-Oster v. Goldman, Sachs & Co.*, No. 10-CV-669050 (AT) (JCF), 2016 WL 11645644, at *2 (S.D.N.Y. June 6, 2016). *See also* Ruling at 28-29.[5] "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Meanwhile, the contrary to law standard permits *de novo* review of a magistrate judge's legal conclusions." *Kolbusz v. Federal Bureau of Investigation*, No. 17-319 (EGS/GMH), 2023 WL 2072481, at *9 (D.D.C. Feb. 17, 2023) (internal quotations omitted) (citations omitted).

---

[5] Other courts have held that such a ruling is subject to *de novo* review. *See Global Auto, Inc. v. Hitrinov,* No. 14-CV-256 (PKC) (RER), 2021 WL 1220712 at *4 (E.D.N.Y. March 31, 2021) (collecting cases) (applying *de novo* review out of caution); *Medina v. Fischer*, No. 11 Civ. 01756 (LAP) (JLC), 2013 WL 1294621 at *1 n. 1 (S.D.N.Y. 2013). Regardless, here, under any of the various standards, Plaintiffs' objections should be sustained.

**B. <u>Intervention</u>**

Rule 24(b), which governs "Permissive Intervention," provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Although a party may intervene as of right under [Rule] 24(a) or by permission under [Rule] 24(b), in general courts equate mandatory and permissive intervention and require that '[t]o be granted intervention as of right or by permission, an applicant must' satisfy the [same] four requirements." *In re Teva Secs. Litig.*, No. 3:17-cv-558 (SRU), 2020 WL 12045998, at *1 (D. Conn. Oct. 10, 2020) (footnotes omitted).

"To be granted intervention as of right or by permission," the U.S. Court of Appeals for the Second Circuit (the "Second Circuit") has explained, "'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014) (footnote omitted).[6]

**III. <u>ANALYSIS</u>**

**A. <u>Rule 24(b)</u>**

The two ESPN-related entities' request for permissive intervention should have been denied for the same reasons their requests for intervention as of right were appropriately denied. *Cf.*, *e.g.*, *Brody by and through Sugzdinis v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992) (stating that "if intervention as of right is not available, the same reasoning would indicate that it would not be an abuse of discretion to deny permissive intervention as well"); *Ocwen Loan Servicing,*

---

[6] *See also infra* at 17-21 (discussing Rule 24(c) requirement(s)),

*LLC v. Corpolo Ave. Trust*, No. 2:16-cv-02653-APG-NJK, 2022 WL 18108425, at *3 (D. Nev. Nov. 9, 2022) ("I deny permissive intervention for the same reason I denied intervention as of right."). *See also*, *e.g.*, *infra* at 15-16. Regardless, both entities fail to satisfy at least three of the relevant requirements for permissive intervention. They lack the necessary "interest" (*i.e.*, requirements 2 and 3); and, even if they had such an interest, they could ***not*** "show that the interest is not protected adequately by the parties to the action" (*i.e.*, requirement 4).[7]

**1. <u>No interest in the action</u>**

Corporate distinctions matter. *Cf.*, *e.g.*, *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l*, 2 F.3d 24, 26 (2d Cir. 1993) ("Generally speaking, a parent corporation and its subsidiary are regarded as legally distinct entities and a contract under the corporate name of one is not treated as that of both.") (applying New York law); *Lines v. Hartford Fin. Group, Inc.*, No. 3:21-CV-00029 (KAD), 2022 WL 408820, at *4 (D. Conn. Feb. 10, 2022) (same). "[I]t is long settled as a matter of American corporate law that separately incorporated organizations are separate legal units with distinct legal rights and obligations … [T]hat is so even if the entities are affiliated … by virtue of having a common owner." *Dewberry Group, Inc. v. Dewberry Eng'rs Inc.*, 604 U.S. 321, 327 (2025) (citation omitted).

As such, each of the distinct ESPN-related entities must separately demonstrate that it can satisfy the requirements for intervention. Nevertheless, for many (if not all purposes), the

---

[7] Additionally, as a matter of equity, as well as common sense, it seems strange to allow the two ESPN-related entities to invoke the jurisdiction of this Court by seeking to intervene in this action, while at the same time asking this Court to send them – and a dispute to which they are not even a party – out of this Court to another forum. Nothing prevents the correct ESPN entity (if one exists) from seeking relief against Plaintiffs or any subscribers to the new DTC service in this or any other forum should it have a claim(s) against any of them. *Cf.*, *e.g.*, *Metzler v. Bennett*, No. 97-CV-0148 (RSP/GJD), 1998 WL 187454, at *10 (N.D.N.Y. Apr. 15, 1998) ("Moreover, even if a common question of law or fact existed, I would not exercise my discretion to permit intervention in this case, where the Bennetts have alternative relief available to them ….").

Magistrate Judge seemingly treated the LLC and BAMTech as one. *See*, *e.g.*, Ruling at 6 n.2 ("The conglomerate popularly known as 'ESPN' is composed of several corporate entities, including the two that have sought to intervene in this case …. From this point forward, when the Court uses the term 'ESPN' in this opinion, it will refer to ESPN, LLC and BAMTech, LLC together."). To do so is a mistake, contrary to law, and prejudicial to Plaintiffs.

In any event, neither the LLC nor BAMTech – individually or together – can satisfy their burden(s). Their transparent "interest" in denying Plaintiffs and other consumers jury trials – even in disputes to which they themselves are not parties – certainly is insufficient; indeed, it runs afoul of fundamental notions of due process as well as the intent and purpose of Rule 24.

**a. <u>The LLC</u>**

Although the LLC claims that it has "several" purported "interests" in this action, Memorandum of Law in Support of Motion to Intervene by ESPN, LLC (Mar. 27, 2026) [Doc. 34-1] ("ESPN's Memo.") at 5, it really only ever identifies two purported "interests". In the LLC's MTI, it asserts that it "is the counterparty to the Subscriber Agreement" and has an "interest in enforcing" that agreement's arbitration provision. LLC's MTI at 1-2. Later, though, it concedes that it is ***not*** actually a party to that agreement. *See*, *e.g.*, Tr. of April 21, 2026 Video Hearing at 9:12-9:17. It also contends that it has an "interest in defending allegations and claims that ESPN, separate and apart from WWE, violated the law." *Id.* at 1. Neither of these interests, even if true, justify intervention in this case, though.

***First***, as it itself ultimately admits, ***the LLC*** is ***not*** a party to the Subscriber Agreement. *See*, *e.g.*, "Disney+, ESPN, and Hulu Subscriber Agreement," *Disney+* (Updated 2/5/2026), https://www.disneyplus.com/legal/subscriber-agreement (last visited Apr. 29, 2026) ("ESPN+ Terms") ("Disney Platform Distribution, Inc., located at 500 South Buena Vista Street, Burbank,

CA 91521 ('Disney+'), BAMTech, LLC, located at 50 Vandam Street, 9W, New York, NY 10013 ('ESPN'), Hulu, LLC, located at 2500 Broadway, 2nd Floor, Santa Monica, CA 90404, and Hulu Live LLC, located at 1290 Avenue of the Americas, New York, NY 10104 (together with Hulu, LLC, 'Hulu') are referred to collectively in this Agreement as 'we', 'us' and 'our'."). Nor is "ESPN" generically or generally even a party to the agreement. Rather, it is ***only*** BAMTech that is "baptized" in the Subscriber Agreement as "ESPN."[8]

Even if the LLC were a party to the agreement, ***which it is not***, the arbitration provision in that agreement still would ***not*** apply to or govern ***this*** dispute. *See*, *e.g.*, ACAC at 7 n.13 ("The Disney+, ESPN, and Hulu Subscriber Agreement, which arguably applies to an ESPN DTC Service subscription, does include an arbitration provision and a class-action waiver. Those adhesive provisions, however, only apply—at most (if at all)—to disputes between subscribers and Disney, ESPN, and/or Hulu. They have *no application or relevance as to WWE*.") (emphasis in original). That provision, which ***Plaintiffs had no role in drafting***,[9] ***only*** applies to "ANY DISPUTE BETWEEN YOU AND ***US***" (emphasis added). "WWE" is ***not*** included within the definition of "Us." *See supra* at 7-8 (quoting Subscriber Agreement). Here, though, the ***only*** dispute is between Plaintiffs and WWE. There is ***no dispute*** between Plaintiffs and any ESPN entity. In other words, there is ***no dispute*** between "You" and "Us."

---

8 What's more, the Subscriber Agreement goes so far as to identify BAMTech as "located" in New York, New York. The LLC's headquarters, however, are more than 100 miles away in Bristol, Connecticut. *See*, *e.g.* Opposition at 10 n.15 (quoting "ESPN, LLC Fact Sheet," which discusses "ESPN's Bristol, Connecticut, headquarters"). BAMTech and the LLC are ***not*** one and the same. *See also*, *e.g.*, *supra* at 6 (discussing need to respect corporate distinctions).

9 *Cf.*, *e.g.*, *Sturman v. Socha*, 463 A.2d 527, 532 (Conn. 1983) ("It is generally accepted … that when two or more meanings may fairly be given to language in a contract, the language is to be construed against the one who drew it; and likewise, ***the language of a contract is typically construed most strongly against the party whose language it is and for whose benefit it was inserted***.") (citation omitted) (emphasis added).

On its face, the arbitration provision does ***not*** apply even to every "dispute" concerning the DTC service; it is limited to certain disputes based on the identities of the parties involved:

> 7. BINDING ARBITRATION AND CLASS ACTION WAIVER
>
> PLEASE READ THIS PROVISION CAREFULLY—YOU ARE AGREEING TO RESOLVE ALL ***DISPUTES BETWEEN US*** THROUGH BINDING INDIVIDUAL ARBITRATION AND INCLUDE A CLASS ACTION WAIVER AND JURY TRIAL WAIVER.
>
> There may be instances in which ***disputes arise between us. You, on the one hand, and Disney+, ESPN, and/or Hulu, on the other hand***, agree to resolve, by binding individual arbitration, all Disputes (including any related disputes involving The Walt Disney Company or its affiliates) except for: (i) any claim within the jurisdiction of a small claims court consistent with the jurisdictional and dollar limits that may apply, as long as it is an individual dispute and not a class action; and (ii) any dispute relating to the ownership or enforcement of intellectual property rights.
>
> "Dispute" includes any claim, dispute, action, or other controversy, whether based on past, present, or future events, whether based in contract, tort, statute, or common law, ***between you and us*** concerning the Services, or this exclusive authority to resolve any dispute relating to the interpretation, applicability or enforceability of these terms or the formation of this contract, including, without limitation, the arbitrability of any dispute, and any claim that all or any part of this Agreement is void or voidable.

ESPN+ Terms, *supra* (emphasis added).

This provision should be read in accordance with its plain language. *See*, *e.g.*, *In re Automotive Parts Antitrust Litig.*, 951 F.3d 377, 383 (6th Cir. 2020) ("Indiana law mandates that we begin with the plain language of the contract, reading it in context and, whenever possible, construing it so as to render each word, phrase, and term meaningful, unambiguous, and harmonious with the whole. No plain language reading of this arbitration provision evidences an intent to bind anyone to arbitration other than original retail purchasers.") (internal quotations omitted); *TransAtlantic Lines LLC v. United States*, No. 3:06-CV-354 (JCH), 2007 WL 735705, at *2 (D. Conn. Mar. 5, 2007) ("In interpreting a contract, the court begins by looking at the

contract's plain language.").

As such, it should ***not*** be read to apply to disputes between subscribers to ESPN's new DTC service (such as Plaintiffs) and third parties (such as the LLC (or WWE)). *See*, *e.g.*, *Hogan v. SPAR Group, Inc.*, 914 F.3d 34, 40 (1st Cir. 2019) ("Finally, even if SPAR could show an intent of the parties to confer upon it some benefit unrelated to arbitration, ***the language of the arbitration clause would still be dispositive***. As mentioned earlier, ***the arbitration clause limits its applicability to the signatories by only covering disputes 'between the Parties,'*** so it is clear that it ***does not confer arbitration rights to*** SPAR or ***any third party***.") (emphasis added); *105 Mt. Kisko Assocs. LLC v. Carozza*, No. 15 Civ. 5346 (NSR), 2017 WL 1194700, at *16 (S.D.N.Y. Mar. 30, 2017) ("[W]hen the arbitration clause contains language indicating it is designed to encompass disputes between signatories (or 'members') only …, the provision is generally found not to encompass disputes involving non-signatories.").[10]

In fact, the Subscriber Agreement explicitly contemplates that third parties, such as WWE, may instead have their own terms and conditions that bind the third parties and customers: "The Services may integrate, be integrated into, or be provided in connection with third-party services, content, and devices. We do not control those third-party services, content, and devices. You should read the terms of use, agreements, privacy policies, and safety information that apply to such third-party services, content, and devices." ESPN+ Terms, *supra.*

[10] If and when it becomes necessary for Plaintiffs to respond (in whole or in part) to the Motion to Compel Arbitration by ESPN, LLC, BAMTech, LLC, and World Wrestling Entertainment, LLC (Apr. 13, 2026) [Doc. 62], which Plaintiffs vigorously oppose, they will demonstrate that there are multiple additional reasons – based on the relevant contractual language and/or Connecticut's public policy – that the Subscriber Agreement and its arbitration provision do ***not*** govern this dispute between Plaintiffs and WWE. To be sure, this dispute belongs where it is, *i.e.*, in federal court. As Plaintiffs will explain further at the appropriate time, there is simply no basis for any entity to compel it to arbitration.

Read with the rest of the Subscriber Agreement, as it must be,[11] that provision further demonstrates that disputes between customers and WWE do ***not*** come within the scope of this agreement's arbitration provision.

Judge Farrish acknowledged that Plaintiffs "argued that the arbitration clause does not apply to disputes between ESPN subscribers and WWE – a claim that, if true, might arguably distinguish this case from [another decision], because the arbitration clauses in that [prior] case expressly encompassed third parties." Ruling at 15. But, Judge Farrish reasoned: "ESPN, LLC and WWE both assert a right to arbitrate under the Subscriber Agreement, notwithstanding that BAMTech is the named party. To accept the Plaintiffs' argument would therefore be to reject ESPN's claimed interest in the arbitration clause on its merits, in contravention of the established rule that 'an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention.'" *Id.* (citation omitted).

But, this reasoning goes too far and, thus, is clearly erroneous. Here, the LLC only has an interest in this case ***if*** it is in fact subject to the arbitration agreement. But, ***if it is not a party to or somehow otherwise subject to that agreement***, then the LLC has ***no interest*** in the enforcement of the agreement. *Cf.*, *e.g.*, *Citadel Recovery Servs., LLC v. T.J. Sutton Enters., LLC*, No. 19-12271, 2021 WL 5505533, at *7 (E.D. La. Mar. 15, 2021) (citing *Great N. & S. Navigation Co. LLC French Am. Line v. Certain Underwriters at Lloyd's London*, No. CV 18-04665, 2018 WL 10759183 (E.D. La. Oct. 25, 2018) as "denying motion to intervene because movant not a party to the contract and has no standing to enforce contract and economic interest too indirect"); *Simpler Solar Sys., Inc. v. Renitta Knight Constr.*, LLC, No. 4:12cv468-WS/CAS, 2013 WL 318072, at *2 (N.D. Fla. Jan. 4, 2013) ("It will be accepted for present purposes that

[11] "In construing a contract, the contract must be read a whole …." *Mangano v. Testa*, No. CV970140517S, 2000 WL 1682428, at *3 (Conn. Super. Ct. Oct. 12, 2000) (unpub.).

Lundy's motion to intervene was timely. However, Lundy ***has not shown a 'legally protectable interest in' this litigation because he is not a party to the contract at issue between the parties*** …") (emphasis added). And, just because the LLC says that it has an interest in enforcing an arbitration provision does ***not*** make it true; nor does such an assertion automatically immunize the LLC's arguments from any further review at this time. Were that true, any party could just baldly insist that it is a party to third parties' agreement (and/or that it has an "interest" in the those parties arbitrating their dispute) and intervene in an otherwise bilateral dispute. Allowing such meddling to occur could open Pandora's Box and lead to mischief, delay, and prejudice.

For this reason, before ruling on ESPN's MTIs, the Court should have at least considered the likelihood that the LLC could prevail on its arbitration arguments, which Plaintiffs have shown it cannot. *Cf.*, *Street Partners, Ltd. v. Lawrence Street Venturers*, 786 P.2d 508, 510 (Colo. Ct. App. 1989) (stating that "determination of the scope of the parties' agreement to arbitrate is committed to the courts, and if it is apparent from the language of the contract that the issue sought to be arbitrated lies beyond the scope of the arbitration clause, then a court cannot order arbitration").[12] Its failure to do so was contrary to law.

***Second***, the LLC also does ***not*** automatically have an interest in "defending itself against allegations of illegal conduct." ESPN's Memo. at 2. Courts are clear that a plaintiff may choose to sue just one of many tortfeasors and/or co-conspirators. *See*, *e.g.*, *supra*. at 1; *U.S. Indus., Inc. v. Touche Ross. & Co.*, 854 F.2d 1223, 1251 (10th Cir. 1988) ("It is axiomatic that since coconspirators are jointly and severally liable for all damages caused by a conspiracy, a private plaintiff need 'not sue all the conspirators, but may choose to proceed against any one or more of

[12] Although for a different point, this Colorado state court decision was cited by the Connecticut Superior Court in *Mazzella v. Lathouris*, No. CV90 0109337 S, 1991 WL 146543, at *5 (Conn. Super. Ct. July 26, 1991).

them.' As a consequence, a defendant may be held liable for having participated in a conspiracy, even though his coconspirators are not defendants to the action.") (citation omitted) (footnote omitted); *Andrade v. Station Casinos LLC*, No. 20-cv-06495-EMC, 2021 WL 4441990, at *2 (N.D. Cal. Mar. 22, 2021) ("A plaintiff is not required to sue all co-conspirators in conspiracy; the plaintiff is not even required to sue the 'central player' in the conspiracy."); *Robbins Music Corp. v. Alamo Music, Inc.*, 119 F. Supp. 29, 31 (S.D.N.Y. 1954) ("It is hornbook law that an aggrieved party is not compelled to sue all tort-feasors. He may sue one or more or all of them, at his discretion.") (footnote omitted).

Nevertheless, Judge Farrish decided that the "LLC has an interest in defending against the Plaintiff's [sic] allegations of CUTPA-violative misconduct." Ruling at 17. He opined that "under the facts of this case, ESPN's 'interest in defending itself against … allegations that [it] violated the law' is sufficient to support intervention." *Id*. at 15. But, there is nothing so unique about this case that requires a departure from the general rule that a plaintiff need not sue every joint tortfeasor or co-conspirator in one case. Indeed, his ruling would effectively be the exception that swallows the rule. The U.S. District Court for the Middle District of Georgia explained in a case involving Rule 19:

> Despite the fact that they are heavily involved in the underlying facts of this litigation, the State Court Defendants are not necessary parties under Rule 19(a) as the Government can obtain complete relief without joinder. While it may be true that the State Court Defendants participated in Plaintiff Burton's prenatal care, labor and delivery, and postpartum care, "[j]oint tortfeasors will nearly always be active participants in the important issues in the litigation in such a bare factual sense." ***But a wholesale exception that all joint tortfeasors who played an active role in the circumstances underlying the litigation are necessary parties "would swallow the rule" that joint tortfeasors are generally not necessary parties.*** Rather, Courts consider whether the absent tortfeasor has "interests [that are] ... more significant than those of a routine joint tortfeasor."

*Burton v. United States*, No. 1:21-CV-17 (LAG), 2024 WL 6904332, at *3 (M.D. Ga. Mar. 29,

2024) (citations omitted) (emphasis added).

Judge Farrish does not appear to have considered whether the LLC's interests are more significant than any other joint tortfeasor. Had he done so, he would have concluded that the LLC did not show that it is "anything other than [a] routine joint tortfeasor[]." *Id.* As such, the Ruling is again clearly erroneous and contrary to law.

**b. <u>BAMTech</u>**

BAMTech's supposed "interest" in this action is even more limited. It relies solely on the argument that it is a party to the Subscriber Agreement and, therefore, should be able to intervene to compel arbitration. *See*, *e.g.*, BAMTech's MTI at 2 ("BAMTech has an interest that this action may impair, namely its right to arbitrate Plaintiffs' claims on an individual basis under the Subscriber Agreement ...."). Be that as it may, BAMTech still has no interest ***in this action***. It is ***not a defendant*** in the ACAC. There are ***no claims*** asserted against it in the ACAC. It is ***not even mentioned*** in the ACAC. Notwithstanding it being a party to the Subscriber Agreement, BAMTech is a ***stranger*** to ***this dispute***.

Nevertheless, Judge Farrish found that it too had "an interest in enforcing [its] arbitration clause." Ruling at 17. Once again, though, Judge Farrish refused to consider the actual, explicit scope of that clause. Even though BAMTech is at least a party to the Subscriber Agreement, there is no dispute between it and Plaintiffs, and, as such, arbitration is not required. As such, BAMTech has no interest in this litigation. *See also supra* at 6-7.

The U.S. District Court for the District of New Jersey denied a motion to intervene in analogous circumstances. In *American Neighborhood Mortgage Acceptance Company, LLC v. CrossCountry Mortgage, Inc.*, No. 20-00974 (SDW)(LDW), 2022 WL 16922179, at *3 (D.N.J. Nov. 10, 2022) (unpub.) (citations omitted), "[t]he Proposed Intervenors ha[d] not sufficiently

shown that their interest in th[e] action [was] the type of interest warranting protection under Rule 24(a)(2). The Proposed Intervenors [were] not named defendants in the Amended Complaint, there remain[ed] no claims against them, and they face[d] no liability in this action. Put simply, 'no case or controversy [existed] between [the plaintiff] and the [Proposed Intervenors]'. [The plaintiff's] claims in the Amended Complaint [were] against [the named defendant], not the Proposed Intervenors." The district court even emphasized: "***The mere fact that the Proposed Intervenors have a right to arbitrate in their employment agreements is insufficient to justify intervention as of right where no underlying 'significantly protectible' interest exists.***" *Id.* (emphasis added). As BAMTech has failed to explain any direct and/or substantial connection to this case, other than it being a party to a contract of adhesion that does not apply here, it should ***not*** have been permitted to intervene.

**2. <u>Adequate Representation</u>**

Even if the two ESPN-related entities could somehow demonstrate the necessary "interest" in this dispute, which they cannot, they still, according to Judge Farrish, have ***not*** met their burden(s) to "show that the interest is not protected adequately" by WWE. *Cf.*, *e.g.*, *EGT, LLC v. Port of Longview*, No. 11-cv-05036-RBL, 2011 WL 2792442, at *1 (W.D. Wash. July 18, 2011) ("The intervening party bears the burden of demonstrating that its interest will not be adequately represented."). Magistrate Farrish explicitly found that both of the ESPN-related entities are in fact adequately represented in this action:

> The Court acknowledges that a proposed intervenor's burden to show inadequate representation is "minimal," and that this factor is "minor" in comparison to the other Rule 24(a)(2) factors. But where, as here, the proposed intervenor and the existing party share an "ultimate objective," the Second Circuit has "demanded a more rigorous showing of inadequacy." ***ESPN has not made that showing***, and accordingly the Court concludes that it is not entitled to intervene as of right.

Ruling at 21 (emphasis added). *See also* Plaintiffs' Opposition at 17-19 (demonstrating why

WWE adequately represents the ESPN entities' interests); Ruling at 18-21 (discussing adequate representation).

This same reasoning should have led him to deny permissive intervention as well. Indeed, courts routinely deny permissive intervention to movants that are adequately represented in the litigation. *See*, *e.g.*, *City of Stillwell, Ok. v. Ozarks Rural Elec. Co-Op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (affirming denial of permissive intervention because proposed intervenors were already adequately represented by defendants); *New Cingular Wireless PCS, LLC v. Kootenai Cty*. No. 2:23-cv-00124-AKB, 2023 WL 7283153, at *6 (D. Idaho Nov. 2, 2023) ("Regardless, even if Potlatch Hill's participation would not delay or prejudice the proceedings, the Court would still deny the request for permissive intervention for the same reason it denied Potlatch Hill's application to intervene as a matter of right: Potlatch Hill's and the County's interests are identical, and the County can adequately represent those interests."); *United States v. California*, No. 2:18-cv-0490-JAM-KJN, 2018 WL 2563641, at *3 (E.D. Cal. June 4, 2018) ("The Court is compelled to deny Proposed Intervenors' motion for permissive intervention for the same reasons Proposed Intervenors may not intervene as of right. They simply have not shown the United States will not adequately represent their interests in this litigation."); *Animal Legal Defense Fund v. Otter*, 300 F.R.D. 461, 465 (D. Idaho 2014) ("The Court finds that the IDA meets all the requirements for permissive intervention. And the Court does not believe that the IDA's participation would delay or prejudice the proceedings. ***But for the same reason the Court denied the IDA's application to intervene as a matter of right, it will deny its motion for permissive intervention. As described above, the State and the IDA's goals in this proceeding are identical, and the State can adequately represent those interests …***") (emphasis added). This finding alone is "sufficient" reason to deny ESPN's MTIs. *See*,

*e.g.*, *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006) ("Failure to satisfy *any one* of these [four] requirements is a sufficient ground to deny the application.") (discussing Rule 24(a), Rule 24(b), and the same four requirements for intervention under both rules).

Inclusion of the two ESPN-related entities in this action is ***not*** necessary to paint a fuller picture for the Court. *Cf.*, *New York v. National Sci. Found.*, No. 25-Civ-4452 (JPC), 2025 WL 1793858, at *5 (S.D.N.Y. June 30, 2025) ("The Court's conclusion that Defendants adequately represent [the proposed intervenor's] interest in this litigation weighs against permissive intervention … Unlike cases where permissive intervention was granted, no intervenor is needed to provide the Court with a fuller picture to evaluate the fairness, reasonableness, and equities of this action.") (internal quotations omitted). Indeed, Judge Farrish explicitly found that the ESPN-related entities and WWE "seek … the same ultimate result," Ruling at 19, and "have the same ultimate objective," *id.* As such, there is no reason to believe – and certainly no evidence to show – that the ESPN-related entities are needed to paint a picture (let alone a fuller one) to evaluate the fairness, reasonableness, and equities of this action, WWE is more than capable of doing so itself. Accordingly, it was clear error and contrary to law to grant permissive intervention.

**B. <u>Rule 24(c)</u>**

Finally, this Court also should deny both of ESPN's MTIs because neither the LLC nor BAMTech complied with Rule 24(c), which explicitly states that a motion to intervene "***must*** state the grounds for intervention and be accompanied by ***a pleading*** that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c) (emphasis added). "The requirements of Rule 24(c) are not … mere suggestions." *Porter v. T.D. Bank, N.A.*, No. 10-

7243, 2011 WL 925734, at *2 (E.D. Pa. Mar. 14, 2011). They "serve[] an important purpose." *DOH Oil Co. v. QEP Res.*, No. MO:18-CV-0152-DC-RCG, 2019 WL 3816290, at *5 (W.D. Tex. May 20, 2019). "The purpose of the rule is to provide information to the court and 'place the other parties on notice of the claimant's position, the nature and basis of the claim asserted, and the relief sought by the intervenor.'" *Securities & Exch. Comm'n v. American Pension Servs., Inc.*, No. 2:14-cv-00309-RJS-DBP, 2015 WL 136322, at *1 (D. Utah Jan. 9, 2015).

That said, it is also true that, within this Circuit, "[c]ourts have held that the failure to attach a proposed pleading is not necessarily fatal to a motion to intervene." *In re OpenAI, Inc., Copyright Infringement Litig.*, Nos. 25-md-3143 (SHS) (OTW), 23-CV-11195, 2025 WL 1726973, at *2 (S.D.N.Y. June 20, 2025) (slip op.) ("*OpenAI*"). "However," as one federal district court explained, "***where the failure to attach a proposed pleading prevents a court from determining whether a proposed intervenor 'has a claim or defense that shares with the main action a common question of law or fact,' such an omission may be fatal to the motion***." *Id.* (emphasis added).

Here, neither of ESPN's MTIs were accompanied by such a pleading. Instead, the two ESPN-related entities requested that this Court "waive any technical obligation under Rule 24(c) to file, contemporaneously with the motion to intervene, a pleading that sets out the claim or defense for which intervention is sought." LLC's MTI at 2 (internal quotations omitted). While the LLC, for instance, argued that it is clear from their papers that the two ESPN-related entities intend to seek to compel arbitration, the LLC also added, with no elaboration, that "if the Court denies [the LLC's] motion to compel arbitration, [the LLC] would defend the action in Court on the merits." LLC's MTI at 2 n.1.

Such conclusory statements, however, offer little (if any) detail, specificity, or insight

about the actual claims or defenses that the LLC plans to present. *Cf.*, *e.g.*, *DOH Oil*, 2019 WL 3816290, at *5 ("[The proposed intervenors] have failed to ***state with specificity*** through a pleading what 'claims or defenses' they seek to assert through an intervention in this case. … [W]hile its absence is not the sole reason the Court finds intervention improper, it would have assisted the Court in determining what claims or defenses the [proposed intervenors] are trying to assert.") (emphasis added); *Porter*, 2011 WL 925734, at *2 (quoting 6 James Wm. Moore *et al.*, *Moore's Federal Practice* ¶ 24.20 (3d ed. 2010) ("[E]xisting parties will be unable to make a meaningful response to the motion, unless they know ***exactly what claims or defenses*** the movant proposes to bring to the lawsuit.")) (emphasis added). For example, the two ESPN-related entities just say that, if their motion to compel arbitration is denied, they "will defend the action in Court on the merits." And, they just baldly assert that Plaintiffs' "claims have no merit." ESPN's Memo. at 1.

At bottom, the two ESPN-related entities offer little more than a "general denial" (if that), which does ***not*** provide Plaintiffs (or this Court) any information about any affirmative defense(s) and/or the basis(es) on which any such defense(es) relies. *Cf.*, *e.g.*, *Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 3:05-cv-01975-VLB, 2015 WL 4390055, at *3 (D. Conn. July 15, 2015) ("Ordinarily, a general denial does not sufficiently plead an affirmative defense, and '[f]ailure to plead an affirmative defense in the answer results in the waiver of that defense and its exclusion from the case.'"). The types of generic statements offered are not "sufficiently particular to inform the plaintiff what defenses [they] will be called upon to meet" if intervention is permitted. *White v. Smith*, 91 F.R.D. 607, 608 (W.D.N.Y. 1981). Nor do they adequately "inform the parties against whom some right is asserted or relief sought [of the grounds upon which intervention is sought], so they may be heard before the court passes on the application"

for intervention. *Center for Biological Diversity v. Jewell*, No. CV-15-00019-TUC-JGZ, 2015 WL 13037049, at *1 (D. Ariz. May 12, 2015). As such, the failure to attach the required pleading to either of ESPN's MTIs clearly prejudices Plaintiffs.[13]

Nevertheless, Judge Farrish concluded that "even if the Plaintiffs had still been in the dark about ESPN's plans for responding to the complaint, it removed any doubt by subsequently signing onto WWE's motion to compel arbitration." Ruling at 27. That motion, however, says nothing about the defenses the two ESPN-related entities would raise if they actually have to litigate in court (as opposed to arbitrate). Moreover, the motion to arbitrate technically does ***not*** satisfy Rule 24(c)'s requirement. That rule mandates that a "pleading" be attached to a motion to intervene. *See See* Fed. R. Civ. P. 24(c). A motion to compel arbitration is ***not*** a ***pleading***, however. *See* Fed. R. Civ. P. 7(a) (identifying seven specific pleadings). Accordingly, the Ruling was clearly erroneous and contrary to law in this regard too.

Because the ESPN-related entities' "failure to comply with Rule 24(c) is '***not*** a mere technicality'," *OpenAI*, 2025 WL 1726973, at *2 (emphasis added), this Court can and should grant Plaintiffs' objections on this basis as well. *See, e.g.*, *National Sci. Found.*, 2025 WL 1793858, at *6 n.3 ("To the extent NAS argues that its litigation position and Defendants' are truly adverse… , that position is not 'apparent from other filings' so as to excuse its noncompliance with Rule 24(c). The motion may therefore be independently denied on that ground.") (citations omitted); *United States v. L&M 93rd St. LLC*, No. 10 Civ. 7495(RMB), 2011 WL 1346994, at *2 (S.D.N.Y. Apr. 5, 2011) (stating that "failure to submit a pleading that sets out the claim or defense for which intervention is sought, alone warrants denial of the motion to

---

[13] *Cf.*, *e.g.*, *Attitude Wellness LLC v. Village of Pinckney*, No. 21-cv-12021, 2021 WL 5370484, at *5 (E.D. Mich. Nov. 18, 2021) (quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005)) ("Challenges grounded on Rule 24(c) must identify 'prejudice [that] would result from granting the motion to intervene despite the failure to attach a pleading.'").

intervene under both Rule 24(a) and (b)") (citation omitted) (internal quotations omitted).

## IV. CONCLUSION

For the foregoing reasons, and upon the foregoing points and authorities, this Court should sustain Plaintiffs' objections and should not permit either the LLC or BAMTech to intervene in this dispute between Plaintiffs and WWE.[14]

Respectfully submitted,

*/s/ Michael H. Sampson*
Michael H. Sampson
Nicholas A. Colella
(admitted *pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
mike@lcllp.com
nickc@lcllp.com

Joseph P Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
(212) 223-6444
jguglielmo@scott-scott.com
Erin Green Comite
Anja Rusi

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 S. Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
ecomite@scott-scott.net
arusi@scott-scott.com

*Counsel for Plaintiffs and Putative Class*

Dated: October 2, 2026

[14] Filed herewith is a proposed Order sustaining Plaintiffs' objections.

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 2, 2026, true and correct copies of the foregoing PLAINTIFFS MICHAEL DIESA AND REBECCCA TOBACK'S OBJECTIONS TO RULING AND ORDER ON MOTIONS TO INTERVENE, and proposed Order, were served on the following counsel via the Court's ECF System:

Daniel Scott Noble, Esq.
Benjamin W. Perotin, Esq.
KKL LLP
350 Fifth Avenue
New York, NY 10118
Daniel.Noble@KKLllp.com
Ben.Perotin@KKLllp.com

*Counsel for Defendant World Wrestling Entertainment, LLC*

David R. Allen, Esq.
Deidre M. Daly, Esq.
Finn Dixon & Herling LLP
Six Landmark Square
Stamford, CT 06901
dallen@fdh.com
ddaly@fdh.com

Alan E. Schoenfeld, Esq.
Ryan Chabot, Esq.
Marissa M. Wenzel, Esq.
Nelson S. Castano, Esq.
Wilmer Culter Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
marissa.wenzel@wilmerhale.com
nelson.castano@wilmerhale.com

*Counsel for Proposed Intervenors ESPN, LLC & BAMTech, LLC*

*/s/ Michael H. Sampson*
Michael H. Sampson